## ATTORNEY'S FEES NOT RECOVERABLE IN CONDEMNATION PROCEEDINGS ABANDONED AFTER VERDICT.

[Common Pleas Court of Richland County.]

THE LOGAN NATURAL GAS CO. v. ANNA L. WILER ET AL.

Decided, October, 1903.

*Constitutional Law—Condemnation—Proceedings Abandoned After Verdict—Fees for Attorney of the Land Owner—Jurisdiction of Probate Court to Render Judgment For—Sections 6434 and 6435 Unconstitutional—Denial of Trial by Jury and Discrimination Against Corporations—True Test of the Value of an Attorney's Services.*

1. The remedy is not exclusive which is named in Section 6434, providing that where a suit in condemnation is abandoned after verdict, the corporation seeking to condemn the land must pay to the attorney of the land owner a reasonable fee for his services in that behalf; but, notwithstanding the express provision of this statute to the contrary, the ordinary proceedings provided by the general statute would apply to an action to recover such a fee.

2. The fact that expenses and attorneys' fees were made necessary and incurred while in defense of a proceeding which the probate court had a right to hear, does not draw within the jurisdiction of that court, which has no power to impannel a jury to try issues of fact, an action for the recovery of such expenses and fees.

3. Such an action is of the kind which, since juries were first known, has entitled a party to a jury trial, and the denial of this right, guaranteed alike by the Bill of Rights and the Constitution of the United States and of the state of Ohio, renders this statute invalid.

4. Furthermore, the provision found in the succeeding section (6435) contains a discrimination between suitors, and deprives the corporation of the equal protection of the law, and this section is therefore also invalid.

5. Granting that recovery could be had for such services, the recovery would be limited to services rendered after the proceedings in condemnation were begun; the test as to the amount to be paid would be the value of the services rendered, without reference to the result of the litigation, or the ability of the party to pay; and $1,500 for three days before a jury, the arguing of a motion and demurrer, and the doing of the ordinary office work connected with a condemnation proceeding, would be an unreasonably large fee.

DIRLAM, J.

This case comes into this court on a petition in error to review the judgment of the probate court for the sum of $1,500 against

the plaintiff in error and in favor of defendants in error. The defendants in error file a motion to strike the petition in error from the files, and also the bill of exceptions, and urge two grounds for striking the petition in error from the files:

First, the right of action is one created by statute, and the statute provides the remedy and by implication precludes all other remedy, and, however erroneous the judgment, the plaintiff in error is without remedy.

Second, If the plaintiff in error has a right to begin a proceeding in error, the time within which it must be begun is provided for in Section 6437; that the time provided therein had elapsed before filing its petition, and therefore it had lost its right.

It will not be disputed that in many cases where a statute creates a cause of action, not before existing, and provides a remedy for its enforcement, the remedy is exclusive, but there are many statutes creating causes of action where, after judgment, the ordinary proceedings provided by the general statute are allowed. For instance, you may take our statute for the wrongful death of a party. That is a purely statutory cause of action; it had no existence in common law. There is no particular method provided for its review, still, every lawyer knows it has been reviewed in our higher courts, like all other judgments, for many years, and I might multiply those instances.

The 54 Ohio State is cited and urged as maintaining that doctrine. On an examination of that case it will be found that it grew out of an application of a fireman, under the statutes of Ohio, to be put on the list of parties who were entitled to be paid through their life by way of pension. The statutes provided that certain parties, having certain qualifications, might be put on that list, by a commission appointed for that purpose, and, that, when so put on the list, they would be paid a certain pension. The party in that case made his application; he got the certificate from the fire authorities of his qualification; he made his application to the board to put him on the pension list; the board investigated his case and decided that he was not entitled to be put on the list, and refused. In that case the court held that that being a statutory right of his, and the remedy fully provided for, was all the remedy he could have, and that the decision of the board was conclusive. But I apprehend there is a very great difference of distinction where the suit involves a moneyed judgment, in accordance with

the rules of common law and all special proceedings provided to protect a party in a special right. It is possible that the defendants in error would have been compelled to prosecute their cause of action as a sequel to the condemnation proceedings in the probate court, but the judgment provided for is an ordinary money judgment, with all the qualities and incidents pertaining to such judgment, and as no particular method for review is provided for, it seems to me it can be reviewed under the general statute which authorizes the review of such judgment. It would be an anomaly in law if a summary judgment, such as is provided for in the statute, however illegal or erroneous, could not be reviewed or appealed from, and the defendants have prepared an elaborate brief showing that it can not be appealed from, and if the corporation has any remedy, it is by a proceeding in error. Then the contention is that the statute authorizing the probate court in a summary manner, without pleadings, without the right to demand or have a jury trial, upon a moneyed demand only, may render a moneyed judgment against a party, and such party may not avail himself of a right to review such judgment provided for by the general statute of the state of Ohio.

There is no statute debarring the suitor from availing itself of the remedy provided, and I do not think the corporation can be debarred by implication.

That the judgment is a final one is beyond dispute under Sections 6707 and 6708, which provide:

"A judgment rendered (and I believe that means all judgments rendered, the word 'a judgment' includes the whole class of judgments to be rendered by the probate court) by a probate court may be reviewed, vacated or modified by the court of common pleas."

Why not this judgment then?

Section 6422 provides that a bill of exceptions may be taken in condemnation proceedings, as in civil actions. It is strenuously contended that Section 6437 provides the time within which the proceedings in error may be commenced. That statute has been construed by the higher courts and it is held that the judgment provided for in that section is the judgment affirming the verdict of condemnation by the jury, and no other. Consequently it has no application to the judgment here sought to be reviewed.

The motion to strike the bill of exceptions from the files, and also the petition in error, are both overruled. The errors assigned are as follows: The court erred in overruling the motion for a new trial; that the grounds set forth in the motion did not constitute a valid claim (This case was heard simply on a motion and it refers to that motion); that Section 6434 is invalid; that the court erred in ruling out testimony.

Section 6434, under which the judgment in controversy was rendered, provides, in substance, that the applicant for condemnation after verdict, may abandon the proceedings by paying into court the costs, and the expenses, including time and attorneys' fees of the opposite party, and that, if, within thirty days after the condemnation judgment, the corporation does not pay such condemnation money and costs into court, upon motion to be filed within ten days thereafter, the court shall make an order requiring such payment, and if that order shall not be complied with, within thirty days thereafter, such corporation shall be deemed to have abandoned such property and the court shall so adjudge and shall render a judgment against the corporation and in favor of the owner for such an amount of expenses, including time spent and attorneys' fees incurred by him, or them, as the court, from the evidence offered in that behalf, deems just and reasonable, upon which execution may issue, and upon which the directors shall be liable, and may be made parties thereto.

It has been urged that this provision, as far as the directors are concerned, is unconstitutional. The directors are not before the court and any judgment of this court would not include them, and I pass that branch of the case simply by that remark.

To test the validity of this and the following section, which is a continuation as to the liability of the corporation for abandonment, and which in substance provides that if the judgment is not paid within thirty days, or if the property owner is not satisfied with the amount of the judgment, he may commence an action for the same, expenses, time and attorneys' fees which he has already; and in such action he may not only recover for the expenses, time and attorneys' fees in the condemnation proceeding, but he may also recover for the expenses, including time and attorneys' fees incurred in this second suit.

It will be noticed that the judgment of the probate court is not for the costs in the probate court, but for an additional sum not

taxed or taxable as costs, and the claim for which judgment is to be liquidated, but is to be ascertained from testimony to the probate court, like any other contested claim.

The testimony is to be heard to the court, without the intervention of a jury. The court is to hear the testimony, judge of its weight, and from it find the amount due. This suit tacked onto the condemnation proceeding does not differ in any of its elements from an ordinary suit at law for money only; there is no equitable feature to invoke the jurisdiction of the chancellor, and it is the kind of suit which, since juries were first known in England, has entitled the party to a jury trial, and by the Constitution of the United States and state of Ohio, and no court is competent to entertain an adjudicated case, except a court having the power to submit the issues of fact to a jury, and it makes no difference that the expenses, time and attorneys' fees to be recovered for were made necessary and incurred while in the defense of a proceeding that the court had a right to hear. This fact does not draw the matter into the jurisdiction of the probate court any more than a claim for like expenses, time and attorneys' fees incurred in any other matter would. I do not suppose it would be contended that if A had a claim against B for expenses, time and attorneys' fees, amounting to $1,500, that originated in any other manner than in a condemnation suit, that the probate court would have jurisdiction to try it to the court, or even by the intervention of a jury.

Section 5 of the Bill of Rights is as follows:

"The right of trial by jury shall be inviolate."

That is, the right of a trial by jury as it then existed. Can it be contended that a claim for money only, for money expended, time spent and attorneys' fees incurred, amounting to $1,500, was not then of a right triable to a jury, especially as it involved no chancery proceedings? He would be a bold man that would so contend.

Our Legislature has passed laws on the subject of trial by jury, and although it has added to jury trials that were not cognizable in a court of equity, it has been careful not to trench upon Section 5 of the Bill of Rights.

Section 5130, Revised Statutes: "Issues of fact for the recovery of money only, are to be tried by a jury."

Does not this trial by the probate court involve issues of fact? Was it not for the recovery of money only? Can a statute stand that authorizes the submission of such an issue to a court that has no power to impannel a jury to try the issues of fact in a case? Can the Legislature deprive a party of a constitutional right by shifting the forum?

Sections 6434 and 6435 taken together have all the vices of that long list of statutes that have been declared invalid by the decisions of the Supreme Court of the United States and of several states, which would fill an ordinary volume of reports.

Among these are *Missouri* v. *Lewis*, 101 U. S., 22; *Gulf, C. & S. Ry. Co.* v. *Ellis*, 165 U. S., 150; *Yick Wo* v. *Hopkins*, 118 U. S., 150; *Barbier* v. *Connoly*, 113 U. S., 27, and last, but not least, the case of *The Coal Company* v. *Rosser*, 53 O. S., 12.

In the last case Section 6563a of the Revised Statutes, which provides that in a suit for wages, etc., an attorneys' fees may be taxed against the defendant as costs, is unconstitutional and void. It may be that recovery provided for in Section 6434 may be distinguished in principle from the case in 52 O. S. as being a penalty for abandoning a proceeding after putting the other party to the expense of a trial, but no such palliation can be urged as to the proposition in Section 6435. There is a penalty pure and simple, not resting upon even a refusal to pay, not depending upon the result of the suit or the conduct of the defendant, but it allows the plaintiff, in the gratification of a mere whim, when he claims to be dissatisfied with the amount of a judgment, to again force his opponent into court, relitigate the case, and if he fails to recover the amount of his former judgment, yet he may compel his opponent to pay the expenses incurred without his consent and against his will, time spent against his wish, attorneys' fees contracted in spite of him, and none of these are taxed or taxable in the costs. The statute encourages litigation with a liberal premium. There is not a statute that has ever been declared unconstitutional that can not be more plausibly defended than this, and many of them are more defensible than even Section 6434.

These sections are unconstitutional because of another feature. They unjustly discriminate between suitors. The corporation is concluded by the judgment of the probate court, is not entitled to another trial; however much it may be dissatisfied, it is not in its power to demand and have a jury trial, while its opponents are not

to be concluded by the judgment of the probate court. Its opponent may go with his claim to another court where he may have a trial by jury, may mulct his opponent, outside of the taxable costs in heavy expenses incurred by himself; may recover for his time spent by himself without the consent of his opponent, and may have saddled upon it large attorney fees that it had no hand in creating.

I hold that these statutes are unconstitutional and void because they deprive the corporation of its right of a trial by jury, guaranteed by the Constitution; because they deprive the corporation of the equal protection of the law, and unjustly discriminate to its detriment, between it and its opponent, giving its opponent two trials, both at its expense, while it can have but one. Because at its option it gives him or them a right to a jury trial and deprives the corporation of a like right. Because if allowing the taxation of $5 in an amount of wages is unconstitutional how shall the statute be sustained that allows a mulct of $1,500, not as costs, but as money expended, time spent and attorneys' fees contracted in opposing it. I hold these statutes invalid because they violate the fundamental rule of right upon which all civilized nations administer justice.

But, suppose that I am mistaken in the question of the validity of these statutes, then another question arises: Did error intervene in the trial to the prejudice of the plaintiff in error?

It is assigned for error that the court erred in admitting testimony over the objection of the plaintiff in error. I pass the introduction of the brief as instruments of evidence, and go directly to the expert testimony. A question was propounded on pages 16, 17 of the bill of exceptions to Mr. Brinkerhoff, in a hypothesis, which contains the following:

"As to the value of professional services, suppose a company having a right to appropriate lands and condemn it, sought to appropriate a right of way for a natural gas pipe through a piece of land, and that the attorneys, Judge Brucker and Cummins, were employed as attorneys; that they had consultations with their client and with the company, and with its representatives, and then after being unable to agree as to the price, that a proceeding was brought in the probate court by the company to condemn a right of way through, and these gentlemen, representing the owners of the land, looked up the evidence and examined the witnesses as to what they would testify to, what do you say would be a reasonable charge?"

This question embraces services rendered before the commencement of the condemnation suit; it distinctly includes that they were employed before the suit; that they had consultations with their clients and with the company and their representatives, and then after being unable to agree as to the price, that a proceeding was brought, etc., and then groups altogether the services rendered before the commencement of the proceeding as well as after, and asks, "What do you say would be a reasonable charge?" This question was answered, under objection, and exceptions taken. It seems very clear that services were enumerated in the question as a basis of recovery that defendants in error had no right to recover for, if they might recover for services rendered in the suit after the proceedings were commenced, the retainer, consultation with their client, consultation with the company, with the representatives of the company, until an inability to agree was reached, and then the proceeding was begun. I think it was prejudicial error to admit this hypothetical question and its answer.

The same question, page 23, was propounded to Mr. Douglass, under like objection and like exception. The answer, as in the former claim, included services rendered both before and after the commencement of the proceedings, and I hold it is error to admit it.

Again, on the morning of the trial, Messrs. Brucker & Cummins presented to one of their clients an unsigned unitemized bill, which is in the following words:

"Anna L. Wiler et al to Brucker & Cummins, Dr. For legal services, preparation of law and fact, and trial of cases of *The Logan Natural Gas & Fuel Company* v. *Anna L. Wiler et al*, in Probate Court, including all legal services pertaining thereto, $1500."

Defendants in error offered this paper writing as evidence to the court. It will be noticed that the bill, after enumerating the services rendered in the case, informs the clients that it includes all legal services pertaining to the case. It is evident that this bill includes services not rendered in the case, else the latter clause would be meaningless. It discriminates between services rendered in the case and services rendered pertaining to the case. This bill should have been rejected as evidence, even if any bill so made out should have been admitted.

The motion for a new trial alleges that the judgment was against the law and the evidence, and the overruling of this motion

is assigned as error. This assignment involves the weight of the evidence and the legality of the judgment.

Mr. Brinkerhoff answers that one fourth of $10,250 would be a reasonable charge, but when pressed as to the basis of his judgment, he says that he bases it on the result. If the verdict had been $100,000, he says the attorney should have recovered $25,000 of it; if but $100, he should have received only $25; that in his opinion the attorney is entitled to one-fourth of the value of the property taken, and the owner must content himself with the remaining three-fourths; it is the results of the labor that is worth $2,500. When asked what the labor was, he answered:

"I shall not account in my mind on the labor, but the main thing that enters into a case of that character which would influence me, and the bar generally, is the result of the work for the sake of the client."

When asked what was done in the case that was worth $2,500, he answered:

"It was no particular thing, it was the fact that $10,000 was recovered for the client."

He still evades what he understood to have been done by saying it was the result. He enumerates looking up evidence, filing papers, preparing briefs, but the great big part was the result.

Douglass is asked what the services were worth. He said:

"If the verdict had been recovered and the money paid, I should say Brucker & Cummins should have recovered anywhere from $2,000 to $3,000, but under the circumstances I think $1,500 would be exceedingly reasonable. If the statute did not allow a recovery against the other side I think it ought to be cut down materially; if there was no statute to $500."

Douglass bases two-thirds of the value of the services to be recovered for on the fact that they could be recovered from the opponent; that is, if the Wilers had to pay their own attorney fees, $500 would be a reasonable charge, but if the corporation had to pay it, a reasonable charge would be $1,500. Just on what reasoning the value of the services were increased $1,000 if they could be collected from the corporation, is puzzling to know; or is it on the theory that an attorney's own client is required to pay only one-third of the value of the services. The other expert puts the

amount that should be recovered, not on the value of the profession-al services rendered the client, but on the result of the litigation. He takes in his mind no cognizance of the services rendered, but sticks to the result as the gauge of the value. He says that is the great big part.

Can either of these rules for determining the value of profes-sional services stand? It needs no argument that who has to pay them does not affect their value; nor is it true that the result of the litigation is the controlling element, the great big part.

The great big part is the value of the services rendered without reference to results. It is true that the result has something to do in determining the reasonableness of the fee. Brilliant results argue some skill and ability of the attorney, and skill and ability enhance the value of services in any profession; and then when a client has been very successful, through the efforts of his attorney, he is generally willing to pay a liberal fee, and under such circum-stances the attorney is quite likely to charge a liberal fee.

We all know what has been said in the bar and from the judicial bench as to reliability of expert testimony, and an eminent judge of the Supreme Court of the State of Ohio, at a bar association said:

"You make a witness an expert and I will not believe him under oath."

That was rather an extravagant statement, but it goes to illustrate with what disfavor expert testimony is looked upon by the bench and legal lights.

Let us see what was really done for this claimed $1,500 fee. Brucker & Cummins were retained by defendants in error, in a condemnation proceeding in the probate court. No pleadings were required on the part of the defendants; no money was to be re-covered; it was a proceeding to determine, by verdict of the jury, how much was to be paid, if the property was taken, but there was no obligation to take the property under the verdict. The rules measuring the amount were established by the statute, and under these rules the jury was to assess the value of the property taken and the damages to the remainder. What did the attorneys do under their retainer? They spent three days before the jury, argued a motion and demurrer, and did the ordinary office work necessary for such a hearing. The decisions under the condemnation statute are

thoroughly briefed in the Revised Statutes. If $1,500 can be earned by such an amount of services, our attorneys ought to be rolling in wealth instead of struggling for a comfortable living.

I think the judgment was clearly against the weight of the evidence and contrary to the law of the case, and for these errors the judgment of the probate court will be reversed and held for naught.

*Cummings, McBride & Wolfe* and *Lawrence T. Neal,* for plaintiff in error.

*Brucker & Cummins,* for defendants in error.