· ABBE *et al.* v. MARR *et als.*

Where the facts, averred by plaintiff as constituting his cause of action, show turpitude on his part, he states himself out of Court.

Where the complaint shows no legal cause of action, a judgment by default can no more be taken, than it can be over a general demurrer.

Appeal from the Fifteenth District.

Complaint avers that plaintiffs, being the owners of certain personal property—horses, cows, wood, etc. and three hundred and sixty dollars in cash—were induced by defendant, McKehan, to wager the whole on a horse-race between themselves and the defendants, Williams, Marr, and Strong; that McKehan colluded with the other defendants, and induced plaintiffs to make the bet, with the agreement between them, that McKehan should ride plaintiff's horse, and permit him to be beaten; that the plan was carried out, and plaintiffs lost their property; that afterwards, McKehan and Strong proposed to plaintiffs to make a race with defendant, Williams, on a wager large enough to cover the former loss, and make handsomely besides; and, that they would see that plaintiffs won the race, so as to "make up" for the loss on the first race. The race was run on the terms proposed, and plaintiffs again lost a large amount of property, say, six thousand dollars in stock, grain, chickens, etc. Complaint avers fraud and collusion, and seeks to recover the value of the property.

*L. Sanders, Jr.* for Appellant, cited : *Collins* v. *Blantum*, 2 Wils. 341; Brown's Legal Maxims, 466, 575; Story on Contracts, Sec. 541.

*Z. Montgomery*, for Respondents.

At common law, wagering contracts were recognized as legal.

(See 4 Blac. 131, top p. and Note.)   The same rule has also been recognized by our own Courts.   (*Johnson* v. *Fall*, 6 Cal. 361.) Such being the case, a wagering contract may as well be vitiated by fraud as any other species of contract.

Even if the contract of the plaintiffs in entering into the last wager was at variance with equity and good conscience, still he who attempts, by unlawful means, to obtain his rights, is not as much in fault as he who uses similar means to obtain that which is not his right.

It follows that, although both the plaintiffs and defendants were in fault in the matter of the last wager, still they were not equally in fault.   (Bouvier's Institutes, 178.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

Defendant, Williams, appeals from a judgment which was taken against him by default after publication.   Waiving the very serious point made by the Appellant, that the judgment by default was irregular, for non-compliance with the statutory provisions, we are met by an insuperable objection to the judgment upon the face of the complaint.   Judgment is taken upon all the matters in the complaint, of which, if we understand the pleading aright, is the charge against one of the defendants, of prevailing upon the plaintiff to enter into a conspiracy to cheat the other defendants in a horse-race, by way of " getting even "—as it is expressed—on a loss the plaintiff had sustained on a former race, in which last he had been swindled, and not only to " get even," but to remunerate and console himself for his first misfortune, by obtaining some fourteen hundred dollars more than he had lost by like practices.   No Court of Justice can listen to such a case.   When the plaintiff asserts his own turpitude in this way, he sends his case out of Court.   If, in attempting, by way of reprisal or otherwise, to swindle another, he becomes the victim of his own arts, it may become a question in morals or in honor, which party is the more culpable; Courts of Law entertain no discussion on the subject, but terminate the controversy by shutting their doors in the face of the intruder.

A judgment by default can no more be taken, under our Practice Act, when the complaint shows no legal cause of action,

than it can be taken over a general demurrer; and, on more general principles, in the absence of objections, Courts of Justice, not from what they conceive to be due to the parties to the controversy, but from what they consider due to the law, refuse to take cognizance of such cases.

Judgment reversed, and the cause remanded.