McKinney *et al. v.* The State, for the use of Nixon, Drainage Commissioner.

Judgment affirmed.

Filed Feb. 19, 1885; petition for a rehearing overruled April 23, 1885.

---

No. 12,028.

McKinney et al. *v.* The State, for the use of Nixon, Drainage Commissioner.

DRAINAGE.—*Assessment.—Commissioner.—Complaint.—'Relator'*—Where suit is brought under section 4, Acts 1883, p. 178, to enforce a ditch assessment, it is not necessary for the complaint to allege that the commissioner had determined to bring suit. And if the complaint shows beyond question that the suit is in the name of the State, for the use of the commissioner, to enforce a ditch assessment, the mere fact that the commissioner has styled himself "relator" therein does not change the character of the action, or impair the legal effect of material averments.

SAME.—*Delivery of Copies of Petition and Order of Reference.—Presumption.*— The delivery by the clerk of copies of the petition and order of reference to the commissioners of drainage is not jurisdictional, and the statute conclusively presumes it to have been done, after the assessments have been confirmed and the work established; and the fact can not be disputed by an answer.

SAME.—*Effect of Default.*—Under section 383, R. S. 1881, a default does not admit the amount claimed to be due; it merely admits the material and traversable averments of the complaint, and that something is due the plaintiff, leaving the amount to be established by proof, and this applies to defaults in suits for enforcing ditch assessments.

PRACTICE.—*Demurrer.*—*Failure to Plead Over.*—If a party fails to plead over after a demurrer is overruled, judgment should be entered as upon default, and the interposition of a defective answer, to which a demurrer was sustained, is a failure to plead over, and the case should thereafter proceed as though no answer had been interposed.

From the Clinton Circuit Court.

*J. N. Sims,* for appellants.

*S. H. Doyal* and *P. W. Gard,* for appellee.

BEST, C.—This action was brought by the appellee, under section 4, Acts of 1883, p. 178, to enforce a ditch assessment. A demurrer to the complaint was overruled, and a demurrer to the answer was sustained. The appellants declining to further plead, the damages were assessed at $310, after which a motion for a new trial, on the ground that the damages assessed were excessive, was overruled and judgment rendered accordingly. These rulings are assigned as error.

The section of the statute under which this suit was instituted provides that the commissioner of drainage "may, if he so determine, bring suit in the name of the State of Indiana, for his use, * * * to enforce a lien upon any tract or tracts of land for the amount so assessed by him," and it is insisted that as the complaint does not aver that the commissioner had determined to bring the suit, the complaint was insufficient. There is nothing in this objection. The statute simply provides the remedy and authorizes, but does not require, the commissioner to pursue it. No averment of his determination is required.

The cause was entitled, "The State of Indiana, *ex rel.* Francis M. Nixon, commissioner of drainage for Clinton county," and in the body of the complaint the commissioner also styled himself "relator," and for this reason it is insisted that the complaint was insufficient. We think other-

McKinney *et al. v.* The State, for the use of Nixon, Drainage Commissioner.

wise. The complaint shows, beyond question, that the suit was in the name of the State, for the use of the commissioner of drainage, to enforce a ditch assessment, and the mere fact that the commissioner in portions of the complaint denominated himself "relator" in no manner changed the character of the action or impaired the force or legal effect of the material averments of the complaint.

The complaint does not aver that a copy of the petition and order of reference was delivered by the clerk to the commissioners of drainage, and for this reason it is insisted that the complaint was insufficient. This was unnecessary. This direction precedes the confirmation of the assessments and the establishment of the work, and by the 8th section of the act of April 8th, 1881, it is provided that "such judgment shall be conclusive that all prior proceedings were regular and according to law." This statute supplies the averment. The delivery of this copy is not jurisdictional, but is an act directed to be done after jurisdiction has been acquired, and, therefore, the statute conclusively presumes it to have been done. *Scott* v. *Brackett,* 89 Ind. 413.

Some other objections were made to the complaint upon the ground that certain formalities in the original ditch proceedings are not alleged to have been observed, but none of them are well taken for the reason last above given.

The answer merely alleged that the clerk did not deliver a copy of the petition and order of reference to the commissioner of drainage. This fact could not be controverted for the reasons already given, and the answer should have been stricken out on motion. The demurrer accomplished the same purpose, and was, therefore, properly sustained.

The only evidence offered in the assessment of damages was proof that the attorney's fees were worth $40. No evidence was offered as to the amount of the ditch assessments, and for the want of it the appellants insist that the damages assessed were excessive.

Our statute provides that "Every material allegation of

the complaint not controverted by the answer, and every material allegation of new matter in the answer not controverted by the reply, shall, for the purpose of the action, be taken as true ; but allegations of new matter in a reply are to be deemed controverted by the adverse party, as upon a direct denial or avoidance, as the case may require. Allegations of value or amount of damages shall not be considered as true by the failure to controvert them." R. S. 1881, section 383. Under this section of the statute, it has been repeatedly held that a default admits all the material and traversable averments of the complaint, and that something is due the plaintiff, but the amount is to be established by proof. *Briggs* v. *Sneghan,* 45 Ind. 14; *Goble* v. *Dillon,* 86 Ind. 327; S. C., 44 Am. R. 308.

Our statute also provides that " the judgment upon overruling a demurrer, shall be that the party plead over," and that " If a party fail to plead after the demurrer is overruled, judgment shall be rendered against him as upon a default." R. S. 1881, section 345. This case is within this statute. After the demurrer was overruled to the complaint, and the appellants failed to plead over, the appellee was entitled to a judgment as upon a default. The interposition of a defective answer to which a demurrer was sustained was a failure to plead over, within the meaning of the statute, and the case was thereafter to proceed as though no answer had been interposed. Allegations of value and of amount of damages not being admitted by a failure to deny them, and the appellee being entitled to judgment as " upon a default," he was required to establish the amount of them by proof, the same as upon default. *Hodson* v. *Davis,* 43 Ind. 258; *Pullman P. C. Co.* v. *Taylor,* 65 Ind. 153; S. C., 32 Am. R. 57.

The appellee's suggestion that the admission made by filing the demurrer is equivalent to proof of the amount of damages alleged is untenable. Such admission is made by the demurrer and is alone considered in determining the questions raised by it. After the demurrer is overruled, the ad-

mission no longer remains and can not be regarded for any purpose.    Thereafter the cause proceeds as though the demurrer had not been interposed.

In the absence of proof as to the amount of the assessments, the appellee was not entitled to recover the amount awarded him, and for the error in overruling the motion for a new trial, on the ground that the damages assessed were excessive, the judgment should be reversed.

PER CURIAM.—It is therefore ordered, that the judgment be and it is hereby reversed, at the appellee's costs, with instructions to set aside the assessment of damages and to reassess the same.

