## HOPPER v. COVINGTON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF INDIANA.

Argued April 21, 1886.—Decided May 10, 1886.

In an action upon a negotiable bond issued by a town authorized by the public laws of the State to issue such bonds for certain purposes only, a declaration alleging that the defendant is a municipal corporation, existing under the laws of the State, with full power and authority pursuant to those laws to execute negotiable commercial paper, and that pursuant to those laws it executed the bond sued on—without showing for what purpose the bond was made—is bad on demurrer.

This was an action by a citizen of New York against a town in Indiana upon certain bonds and coupons.

The complaint alleged " that said defendant is a municipal corporation, organized and existing under and by virtue of the laws of the State of Indiana, with full power and authority, pursuant to the laws of said State, to execute negotiable commercial paper ; that, pursuant to the laws of said State regulating the execution of such negotiable commercial obligations, said defendant, on the first day of October, 1878, by its proper officers and agents, executed its negotiable commercial bond payable to bearer ten years after date at the Farmers' Bank in Covington, Indiana, which bank then was a bank of deposit and discount at said town of Covington, Indiana ; that thereafter and before the maturity of said bond plaintiff purchased the same for a valuable consideration, and is still the owner thereof ; a copy of said bond is filed herewith and hereby made part of this complaint, marked Exhibit A," to wit :

" No. 21.     United States of America.     $500.

" The town of Covington, State of Indiana, will pay ten years after date to the bearer five hundred dollars, with interest at eight per cent. per annum, the interest payable as designated by coupons hereto attached, and the principal upon presentation of the bond when the same shall have become due.   This

bond shall be payable after five years from the date hereof, at the option of the town of Covington. Payable at the Farmers' Bank in Covington, Indiana. Each coupon attached shall be *prima facie* evidence of payment of the accrued interest.

"In witness whereof, the corporation seal of said town is hereto affixed, and this bond is signed by the president of this board of trustees and attested by the clerk thereof, this first day of October, A.D. 1870.

[SEAL.] A. GISH, President.

"Attest : FRANK M. HICKS, Clerk."

The complaint then alleged that the plaintiff was the owner of thirty-nine other bonds of precisely like tenor and effect, except that they were differently numbered, and that twenty of them were for one hundred dollars each, (stating the numbers and amounts of each,) and that he purchased each before maturity and for a valuable consideration. "Plaintiff says that said bond, Exhibit A, and each of said other bonds, is past due and wholly unpaid; wherefore plaintiff prays judgment for twenty thousand dollars against said defendant, and for all proper relief."

The complaint also contained a count, with similar allegations, upon coupons for interest, attached to such bonds at the time of their execution, and in this form :

" $40. Covington, Ind., October 1st, 1879.

" One year after date the Town of Covington, Ind., will pay to the bearer in the city of New York forty dollars, being one year's interest on bond No. 21.

A. GISH, Pres't.

"Attest : FRANK M. HICKS, Clerk."

The defendant demurred to the complaint, because it stated no cause of action against the defendant ; because it did not allege under what law or for what purpose the bonds and coupons sued on were issued ; because it contained no allegation showing authority in the defendant to make the bonds and coupons sued on ; and because the allegation in the complaint

of power and authority in the defendant to make the bonds
and coupons in suit was an averment of a legal conclusion.

The court sustained the demurrer, and rendered judgment
for the defendant; and the plaintiff sued out this writ of error.

*Mr. J. E. McDonald* for plaintiff in error. *Mr. John M.
Butler* was with him on the brief.

*Mr. Thomas F. Davidson* for defendant in error.

Mr. JUSTICE GRAY, after stating the case as above reported,
delivered the opinion of the court.

The town of Covington had no general power to issue nego-
tiable bonds. If the general statute of Indiana of June 11,
1852, under which it was incorporated, conferred any power
upon towns to issue bonds, it was only for certain municipal
purposes therein specified; and the general statute of May 15,
1869, authorized towns to issue bonds for the purchase and
erection of lands and buildings for school purposes only.
1 Gavin & Hord's Stat. 623–626; Davis's Supplt. 116.

The bonds in suit containing no statement of the purpose for
which they were issued, and no recital which can bind the
town by way of estoppel, any one suing upon the bonds is
bound to allege and prove the authority of the town to issue
them.

The plaintiff relies on the statement of Mr. Justice Swayne
in *Gelpcke* v. *Dubuque*, 1 Wall. 175, 203, repeated by him and
by Mr. Justice Clifford in later cases, that "when a corporation
has power, under any circumstances, to issue negotiable secu-
rities, the *bona fide* holder has a right to presume they were
issued under the circumstances which give the requisite author-
ity, and they are no more liable to be impeached for any in-
firmity in the hands of such a holder than any other commer-
cial paper," *Supervisors* v. *Schenck*, 5 Wall. 772, 784; *Lexing-
ton* v. *Butler*, 14 Wall. 282, 296; *San Antonio* v. *Mehaffy*, 96
U. S. 312, 314; *Macon County* v. *Shores*, 97 U. S. 272, 279.

But the circumstances thus spoken of were the preliminary
facts requisite to the exercise of the power, not the limits, fixed

by law, of the objects and purposes for which the power could be exercised at all. In each of the cases cited, the defects suggested were in the requisite preliminary proceedings, and the bonds sued on appeared by recitals on their face to have been issued according to law. When the law confers no authority to issue the bonds in question, the mere fact of their issue cannot bind the town to pay them, even to a purchaser before maturity and for value. *Marsh* v. *Fulton County*, 10 Wall. 676; *East Oakland* v. *Skinner*, 94 U. S. 255; *Buchanan* v. *Litchfield*, 102 U. S. 278; *Dixon County* v. *Field*, 111 U. S. 83; *Hayes* v. *Holly Springs*, 114 U. S. 120; *Daviess County* v. *Dickinson*, 117 U. S. 657.

A demurrer admits only facts, and facts well pleaded. The town having but a limited authority to issue bonds for certain purposes, it is not enough for the plaintiff to aver in general terms that the town was authorized to issue the bonds in suit; but he must state the facts which bring the case within the special authority. There is nothing in this declaration, or in the copies of instruments annexed to and made part of it, which shows, or has any tendency to show, for what purpose the bonds were made. The averment, that the defendant is a municipal corporation under the laws of Indiana, "with full power and authority, pursuant to the laws of said State, to execute negotiable commercial paper," if understood as alleging a general power to execute negotiable commercial paper, is inconsistent with the public laws of the State, of which the courts of the United States take judicial notice. The averment, that the bonds held by the plaintiff were executed pursuant to the laws of the State, is but a statement of a conclusion of law, which is not admitted by demurrer. The declaration is fatally defective for not stating the facts necessary to enable the court to judge for itself whether that conclusion of law has any foundation in fact. *Pumpelly* v. *Green Bay Co.*, 13 Wall. 166, 175; *Cragin* v. *Lovell*, 109 U. S. 194; *Kennard* v. *Cass County*, 3 Dillon, 147; *Broome* v. *Taylor*, 76 N. Y. 564; *Cotton* v. *New Providence*, 18 Vroom, 401.

*Judgment affirmed.*