Thomson, J.,
delivered the opinion of the court.
This is an action by A. J. Nelson against the Arkansas River Land, Reservoir and Canal Company, for the enforcement of a mechanic’s lien upon its canal. Summons was duly issued, and served upon the defendant, who made no appearance to the suit, and default and final judgment for the enforcement of the lien were entered against it. The defendant brings the case to this court by writ of error. The complaint states the plaintiff’s claim against the defendant as follows: “ That the said defendant is indebted to said plaintiff in the sum of four hundred dollars for work and labor performed by the said plaintiff, at the request and solicitation of the said defendant, along the line of and upon the said defendant’s canal, and that the said defendant refused and still refuses to pay the said amount, or any part thereof, although often requested to do so, and that the said amount, to wit, four hundred dollars, remains due and unpaid.” The foregoing is the only allegation concerning the- indebtedness.
The complaint is not sufficient to support a decree for the foreclosure of the lien. The right to a lien on a canal is confined to persons who do work, or furnish materials for its construction, extension, enlargement, alteration or repair. General Statutes (1883), § 2136. Labor performed, or materials furnished for any other purpose than those specified, cannot be made the foundation of a lien; and any person claiming such lieu must show affirmatively that the work done, or materials furnished, were for some one or more of *440 the enumerated purposes. All the material facts which entitle the plaintiff to relief must be stated in his complaint. The complaint in this case does not state for what purpose the work was done. There are doubtless many things in the operation of a canal, aside from its construction, extension, enlargement, alteration or repair, which require the employment of labor, but, on account of which, the person performing the labor acquires no right to a lien ; and for aught that appears from this complaint, such was the character of the work done by the plaintiff. For want of an}f averment, showing that plaintiff was entitled to a lien under the statute, the complaint is clearly bad.
As a general rule, a default, regularly taken, admits the cause of action stated; but the complaint must set forth such facts as will, when admitted, warrant a judgment against the defendant; and while a judgment by default will not be reversed for technical reasons, or merely because the statements in the complaint are defective, yet, where some allegation essential to a recovery by the plaintiff is absolutely wanting, an appellate court will not permit the judgment to stand; and it is not necessary that there should have been a motion in the court below to vacate it. Canal Company v. Flinn, 3 Colo. App. 381; Old v. Mohler, 122 Ind. 594; Abbe v. Marr, 14 Cal. 210; Hallock v. Jaudin, 34 Cal. 167.
The judgment is reversed.

Reversed.