R. F. CAFFREY, *County Clerk*, v. H. OVERHOLSER.

(Filed Feb. 11, 1899.)

1. APPEAL—*Exceptions—Error.* Exceptions need not be taken in the trial court to enable this court to review and correct errors that are apparent upon the judgment roll or record proper. Where an error in a judgment appears upon the record proper, this court will consider and correct the same, although no exception was taken thereto in the trial court.

2. EXCESSIVE TAXATION—*Injunction.* Although a property owner may maintain injunction against a tax imposed upon his property by reason of the action of a board of equalization in increasing the valuation of such property beyond its actual value, he cannot maintain injunction to restrain a county clerk from spreading upon the tax rolls of a county the increase of valuation ordered by such board of equalization upon property not owned by him or in which he has no interest.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before James R. Keaton, District Judge.*

*Harper S. Cunningham, Attorney General,* for plaintiff in error.

Action by H. Overholser against Richard F. Caffrey, county clerk of Oklahoma county, by injunction, to restrain said clerk from spreading upon the tax rolls of said county the increase of valuations of property in

said county, ordered by the territorial board of equalization for the year 1897. From a decree for plaintiff, defendant appeals. Reversed.

Opinion of the court by

TARSNEY, J.: The assignments of error in the record presented for consideration are (1) that the court erred in overruling plaintiff in error's demurrer to defendant in error's petition in the cause; (2) that the judgment and decree are contrary to law.

No exception was taken in the court below to the action of the court in overruling the demurrer to the petition in the cause. The defendant not having answered thereto, decree was entered for the plaintiff as prayed. No exception was taken to the judgment, or preserved in the record. The case is here upon a transcript of the record containing the petition, demurrer thereto, order overruling the demurrer, and final judgment. These constitute the judgment roll or record proper in the cause. Following the ruling and decision in *Territory v. Caffrey* decided at this term (preceding opinion,) we hold that exceptions are not necessary to enable this court to review and correct errors that are apparent upon the judgment roll or record proper; that, where an error in a judgment appears on the face of the record proper, this court will consider and correct the same although no exception was taken thereto in the trial court.

Upon the authority of *Wallace v. Bullen*, 6 Okla. 17, 52 Pac. 954, and the numerous cases determined by this court in accordance therewith, we must hold that the petition in this case did not state facts sufficient to constitute a cause of action against the defendant, and that the court erred in overruling the demurrer thereto.

Caffrey, *County Clerk*, v. Overholser.

While the plaintiff alleged in his petition that his property for the year 1897 was returned for taxation to the assessor at its full value, and while we have repeatedly held that a property owner who has returned his property for taxation at its full value may maintain injunction against any tax imposed thereon by reason of the action of any board of equalization increasing the valuation of such property beyond its actual cash value, yet this gives no warrant or authority to such taxpayer to maintain proceedings by injunction against the county clerk to restrain him from spreading upon the tax rolls of the county the increase of valuation ordered by such board of equalization, as it might be that all the other property in the county, save that of such taxpayer, might not, even with such increase, be assessed at its true value. The decree in this case restrained the defendant from spreading upon the tax rolls against any of the property therein listed the increase ordered by the board, and therefore such decree was, upon its face, contrary to law. The judgment of the court below is reversed, and cause remanded, with instructions to overrule the demurrer, and proceed in conformity herewith.

McAtee, J., not sitting; all of the other Justices concurring.