[No. 1029, January 17, 1905.]

W. E. DAME, Appellee, v. THE COCHITI REDUCTION AND IMPROVEMENT CO., Appellant.

### SYLLABUS.

1.   Upon appeal from a judgment upon default the sufficiency of the complaint is to be tested as upon demurrer, and if the allegations of the complaint are insufficient to sustain the judgment, the same will be reversed. ,

2.   Testing the complaint in this cause by the foregoing rule, the same stated no cause of action for either attorney's fees or the principal of the bonds sued on.

3.   In the absence of any allegation and proof of an agreement to pay counsel fees, such fees cannot, unless specially provided for by statute, be awarded either as costs or otherwise.

4.   An allegation, "that by reason of the failure of said

Dame v. Cochiti Education and Improvement Co.

company to pay said interest coupons when due and by reason of their failure to have paid any part of the same for over six months last past, and for over six months last past since their presentation at the place designated for payment x x the principal x x on said bonds is now due and payable," is not a pleading of the substantive facts necessary to constitute a cause of action for such principal, but is the statement of a mere conclusion of law.

5. A judgment for the principal of the bonds here sued on, rendered by default, upon the allegations last set forth, cannot be sustained.

Appeal from the district court of Bernalillo county, before B. S. BAKER, Associate Justice. Affirmed.

M. E. HICKEY, McMILLEN & REYNOLDS. for Appellants.

The complaint was filed February 28, 1903. The bond, a copy of which is made a part of the complaint, states positively that it is due April 1, 1904.

It is nowhere alleged in the complaint that there is in the bonds, or in the trust deed securing the payment of said bonds, any provision whereby the principal becomes due upon default in the payment of the coupons, and the allegation "that both principal and interest on said bonds is now due and payable," is a mere conclusion of law, not admitted by demurrer nor default.

Millard v. Baldwin, 3 Gray 484; Hollis v. Richardson, 13 Gray 392; Cragin v. Lovell, 109 U. S. 199; 27 (L. Ed.), 905.

The declaration is fatally defective for not stating the facts necessary to enable the court to judge for itself whether that conclusion of law has any foundation in fact.

Hopper v. Covington, 118 U. S. 148; 30 (L. Ed.) 190; Pumpelly v. Green, 13 Wall. 166-175; 20 (L. Ed.) 557.

A judgment for attorney's fees for services rendered in the same case, is never allowed in an action on contract, unless stipulated for or authorized by statute. There is no such statute in New Mexico, and no such stipulation in this case.

Stover v. Jonnycake, 9 Kas. 368; Shella-
barger v. Thayer, 15 Kas. 624; Oelrich v.
Williams, 15 Wall. 231; Day v. Woodworth,
13 How. 370-371.

A judgment by default upon a bond not due, may be
reversed upon appeal or error.

McAllister v. Kuhn, 96 U. S. 89; 24 (L.
Ed.) 615; Cragin v. Lovell, Supra.

E. W. DOBSON, for Appellee.

The facts must be carefully distinguished from the
evidence of the facts. The latter pertains to the trial and
has no place in the pleadings.

Green v. Palmer, 15 Cal. 415; 4 Ency.
Pl. & Pr. p. 612.

Since no objection was made to the judgment in the
lower court, on account of the fact that it included attor-
ney's fees and no opportunity was given that court to cor-
rect its error, the objection should not be heard in this
court.

Mason v. McLean, 32 Pac. 1006.

### STATEMENT OF FACTS.

This is a suit filed on February 28, 1903, to recover
on five bonds sold to the plaintiff and appellee, W. E.
Dame, by the Cochiti Reduction and Improvement Com-
pany, the appellant. The allegations of the complaint,
omitting those here immaterial, are as follows:

"That the defendant is a corporation duly incorpor-
ated under the laws of the State of Colorado, and having
its principal place of business near Bland, Bernalillo
county, Territory of New Mexico, and that the said de-
fendant, under and by virtue of its incorporation papers
and by-laws, was duly authorized and empowered to bor-
row money, and thereafter, its directors, duly elected, did,
at a meeting duly called, vote for the issuing of first mort-
gage bonds to an amount not to exceed ———— dollars, and
that said bonds were duly issued in and upon the first
day of April, 1899.

"Plaintiff alleges that the said bonds were to be of
the value of one hundred ($100.00) dollars each, and that

a copy of said bonds is hereto attached to said complaint, "Exhibit A" and made a part of the same.

"Plaintiff alleges that he purchased, for value received, five of the said bonds hereinbefore mentioned, being the numbers 132 to 136, inclusive, and that he is at the present time the owner of said bonds.

"Plaintiff further alleges that the interest coupons for the sum of three ($3.00) dollars each upon each of said bonds, due and payable on the first day of October, A. D., 1901, were duly presented at the place designated in said deed of trust mortgage, to-wit, the State Trust Company of the City of New York, and payment was refused thereon, and that all of said coupons have been due and payable for over six months last past, and that the same were presented for payment more than six months last past, at the place designated for payment, and said payment was refused, and the said coupons are still due and unpaid.

"Plaintiff further alleges that the interest coupons in and upon each of said bonds for the sum of three ($3.00) dollars each, due and payable on the first day of April, A. D., 1902, were duly presented to the State Trust Company of the City of New York, for payment over six months last past, and that payment thereof was duly refused, and that the same still are due and unpaid, and that the said coupons have been due and unpaid for over six months last past and for over six months since the time of presentation of the same for payment.

"Plaintiff further alleges that the interest coupons for the sum of three ($3.00) dollars upon each of said bonds was due and payable on the first day of October, A. D., 1902, and are still due and unpaid.

"Plaintiff alleges that by reason of the failure of said company to pay said interest coupons when due, and by reason of their failure to have paid any part of the same for over six months last past, and for over six months last past since their presentation at the place designated for payment, that both the principal and interest on said bonds is now due and payable, and thereby the defendant is indebted to this plaintiff in the sum of five hundred ($500.00) dollars principal and also forty-five ($45.00)

dollars, being the amount of said coupons upon said bonds, and also for interest upon said bonds due from October first, 1902.

"Whereof, the plaintiff demands judgment against the said defendant for the sum of five hundred ($500.00) dollars, the amount of the principal of said bonds; and

"Wherefore, plaintiff also demands judgment for the sum of forty-five ($45.00) dollars, being the amount of said coupons upon the said bonds, and the plaintiff also demands judgment against said defendant for interest due on said bonds from October first, 1902, up to date.

"Wherefore, plaintiff demands judgment against the defendant for the sum of five hundred and forty-five ($545.00) dollars from October first, 1902, up to date, and for his costs in this suit expended, and for attorney's fee to be fixed by the court as a part of said costs."

Upon the foregoing allegations plaintiff demanded judgment for five hundred dollars, principal of said bonds. Forty-five dollars being amount of said coupons upon the said bonds, with interest on said $545 from October 1, 1902, attorney's fees and costs. A copy of the bond and coupon mentioned in the complaint is attached thereto. It seems sufficient to say that, in neither is there any stipulation for the payment of attorney's fees, nor any provision that upon default of payment of interest the principal is to become due.

The defendant failed to appear, default was adjudged and on April 3, 1903, final judgment was entered for $560, together with costs, including fifty dollars attorney's fees. The judgment is prefaced by the following recital: "This cause coming on for hearing, and the jury being waived by the plaintiff, was submitted to the court upon the pleadings and evidence."

On June 5, 1903, a motion was filed to recall the execution and to vacate the judgment, which being overruled, an appeal was taken to this court.

## OPINION OF THE COURT.

POPE, J.—The ground specifically urged in the court below as well as in this court, for vacating the judgment is, that the court erred in rendering judgment for principal and attorney's fees, for the reason that the complaint as to these items sets forth no cause of action. If this contention is supported by the record the cause must be reversed, for no rule is more clearly recognized than that no valid judgment by default can be rendered upon a complaint that states no cause of action. Upon appeal, the complaint is to be tested as upon demurrer, and if it would have been vulnerable upon demurrer it is equally vulnerable upon an appeal from a judgment upon default. The rule is clearly stated in McAllister v. Kuhn, 96 U. S. 89, where it is said:

"Upon a writ of error to reverse a judgment by default such defects in the declaration or complaint as could have been taken advantage of before judgment by general demurrer, may be brought under review. If the judgment would have been arrested on motion, if made because the declaration did not state facts sufficient to constitute a cause of action, it may be reversed for the same reason upon error." See also Abbe v. Marr, 14 Cal. 210; Choynski v. Cohen, 39 Cal. 501.

The question therefore is, would the complaint as to the items complained of have been good upon demurrer?

Considering first the matter of attorney's fees, we think no cause of action is set forth as to this item.

There is no allegation that the defendant undertook to pay attorney's fees in case of suit, and the bond attached to the complaint contains no such stipulation. In the absence of such an agreement, counsel fees cannot be awarded either as costs or otherwise. Oelrichs v. Spain, 15 Wall. 231. Indeed, the impropriety of this item is practically admitted by appellee in his brief.

This brings us to the main item sued for, the principal of the five bonds. Does the complaint set forth a cause of action as to this? From the bond attached and referred to in the complaint it appears that the bond sued on obligated the defendant company to pay the principal thereof on the first day of April, 1904. There is no pro-

vision for the earlier payment of the principal in the bond pleaded, and unless there is some adequate allegation to that effect in the complaint it is manifest that there was upon the pleadings nothing due on the principal when this suit was brought in February, 1903, that it was as to that item prematurely brought, that the complaint in this respect states no cause of action, and that it is the duty of this court equally so to declare in this proceeding as upon demurrer. Turning to the complaint it will be noted that while there are detailed statements as to the time of the falling due of the interest installments of October, 1901, April, 1902, and October, 1902, showing $45 due on that account, there is absolutely no allegation showing that the principal was due at the filing of the suit except the following:

"Plaintiff alleges that by reason of the failure of said company to pay said interest coupons when due, and by reason of their failure to have paid any part of the same for over six months last past, and for over six months last past since their presentation at the place designated for payment, that both the principal and interest on said bonds are now due and payable, and thereby the defendant is indebted to this plaintiff in the sum," etc.

It is insisted by appellee in his brief that this allegation taken as true and aided by what was presumably adequate proof, is sufficient to sustain the judgment for the principal. It should be noted here, however, before proceeding to the question of pleading that if the latter be insufficient no proof, however ample, can justify a judgment. The measure of the right to recovery is what is alleged. It is to this that the defendant was summoned to respond and the most satisfactory proof of the right to recover, in so far as it overlaps the allegations, is absolutely valueless to sustain the judgment. Thus in Hall v. Jones, 3 Tex. 305, it is said:

"Facts not alleged though proved cannot form the basis of a decree or judgment. That a judgment has been taken by default does not dispense the rule which requires that the proofs shall conform to the allegations and that the latter must be sufficient to constitute a legal basis on which to predicate the judgment. To maintain a judg-

Dame v. Cochiti Education and Improvement Co.

ment by default the petition must set forth a cause of action with substantial accuracy and with sufficient certainty, to inform the country what judgment to render, without looking for information to proofs not within the allegations."

Recurring to the matter of pleading it must be further recalled that the only allegations fixed by the default are those traversable, material and well pleaded. Weese v. Barker, 7 Colo. 171; Shepard v. New Haven Co., 45 Conn. 58; McKinney v. State, 101 Ind. 355; that while default and demurrer each admit facts well pleaded, they do not admit that the construction of a written instrument attached to the complaint is the true one, or that its legal effect is contrary to that which its language imports. (Interstate Land Company v. Maxwell Company, 139 U. S. 578). Neither is a mere conclusion of law admitted by demurrer or default. (Corgin v. Lovell, 109 U. S. 199). The complaint must state the facts necessary to enable the court to judge for itself whether the conclusion of law has any foundation in fact. (Pumpelly v. Green Bay Co., 13 Wall. 175; Hopper v. Covington, 118 U. S. 148, 151). The pleader should state the facts which he thinks give a right of action and not keep back these facts and offer the court his opinion. (Williams v. Knighton, 1 Or. 234.) Applying these elementary rules to the allegations here relied on, we are impressed with the fact that it amounts to nothing more than a conclusion of law and is not an averment sufficient to sustain a judgment for the principal. Had the allegation in question omitted the reasoning it contains and been as follows: "Plaintiff alleges x x x x that both the principal and interest on said bonds is now due and payable and thereby the defendant is indebted to this plaintiff in the sum," etc., it would hardly be contended that this was more than a statement of a legal conclusion. This character of allegation has been frequently considered by the authorities and with the uniform holding that it constitutes no averment of fact, but simply the pleading of a conclusion of law and thus insufficient to sustain a default. (Crogin v. Lovell, 109 S. D. 199; Hopper v. Covington, 118 U. S. 148, 151; Pumpelly v. Green Bay Co.,

13 Wall 175; Hollis v. Richardson, 13 Gray 393; William v. Knighten, supra) Does the addition, to this clearly insufficient pleading, of certain reasons why the amount claimed is due make it any less the allegation of a mere conclusion of law? It is announced in Pumpelly v. Green Bay Company, supra., that "it is bad pleading not to state the facts upon which the court can construe the law for itself and ascertain if the fact pleaded is a good defense." We think that this allegation is clearly subject to this objection. Even if it could be conceded that reasons coupled with conclusions of law are, if such reasons are legally tenable, allegations sufficient to sustain a default, the reasons stated in the complaint are insufficient. It is alleged that by reason of the failure to pay the interest coupons for over six months past since their presentation at the place designated for payment, both principal and interest is now due and payable.

This is manifestly incorrect as an interpretation of the instrument sued on. It is equally incorrect as a general proposition of law. The mere failure to pay interest installments for six months, or any other period, cannot of itself under any circumstances result in the maturing of the principal. To produce this result there must be a failure to pay and more; that is to say, an agreement that such failure shall mature the principal. The complaint is fatally defective in that it fails to allege that there was such an agreement. If, as intimated on the argument, there was such a provision in the deed of trust securing the bonds, there should have been an averment to that effect. Without such an averment there was no basis for the introduction in evidence of the mortgage or any other agreement providing that a failure to pay interest should effect the maturity of the principal. In other words there was no case stated for the recovery of the principal.

For the reasons stated the judgment of the court below will be reversed and the case remanded for further proceedings in accordance with this opinion.

William J. Mills, C. J., Frank W. Parker, A. J., John R. McFie, A. J., Edward A. Mann, A. J., concur.