INTERNATIONAL HARVESTER CO. OF AMERICA v. CAMERON.

No. 282.    Opinion Filed November 11, 1909.

(105 Pac. 189.)

1.    APPEAL AND ERROR—Review—Defects in Petition.    Upon a petition in error to reverse a judgment by default, such defects in the petition as could have been taken advantage of before judgment by general demurrer may be reviewed.

    (a) If the judgment would have been arrested on motion if made because the petition did not state facts sufficient to constitute a cause of action, it may be reversed for the same reason upon a proceeding in error.

2.    PLEADING—Sufficiency—Judgment—Default.    Where there is no averment of facts in the petition from which the conclusions of law are drawn, the same will have no force in a pleading; no issue being presented by such averment and no proof being admissible thereunder.

    2(a) Facts not alleged, though proved, cannot form the basis of a judgment by default.

2(b) The only allegations of the petition fixed by the default are those traversable, and issues cannot be joined on mere conclusions of law.

3. **APPEAL AND ERROR—Review—Record—Necessity of Exceptions.** Where an error is apparent upon the judgment roll or record of the trial court, the same will be considered on review here, although no exception was taken thereto.

(Syllabus by the Court.)

*Error from District Court, Garfield County; M. C. Garber, Judge.*

Action by Charity Cameron against the International Harvester Company of America. Judgment for plaintiff, and defendant brings error. Reversed.

*Sturgis, Moore & Manatt* for plaintiff in error.—Citing: *Dame v. Cochiti, etc., Co.* (N. M.) 79 Pac. 296.

*J. M. Dodson* and *H. O. Glasser,* for defendant in error.

WILLIAMS, J. The question essential for determination is as to whether or not the petition will sustain the judgment rendered by default. In the case of *Leforce v. Haymes, ante,* p. 190, 105 Pac. 644, this court said:

"Where a declaration, petition, or complaint is so defective that a general demurrer thereto before or motion in arrest after judgment should be sustained, and judgment is rendered thereon by default, on review in an appellate court, the question of the insufficiency of such pleading to sustain the judgment may be raised."

In that case numerous Kansas cases are cited to the effect that, where no allegations of fact are made in a pleading from which the conclusions of law are drawn, such conclusions have no force in a pleading, and no issue is presented by such averments. In this case the averment as to the plaintiff in error is that:

"* * * Subsequently the defendant International Harvester Company of America purchased all the interests and rights of said William Deering & Co., as well as the rights and interests of all other harvesting machine companies, as your petitioner is informed, and upon such information alleges such fact to be true; that B. F. Buffington owns or claims some interest therein, the exact nature of which is unknown to plaintiff; that other persons

to your petitioner unknown, who own or claim to own some interest in and to said property, the exact nature of which is unknown to your petitioner, are made parties hereto that their pretended claim or interest may be barred therein; * * * that whatever right, title, or interest claimed by said defendants Robert S. Bellamy and his wife, Mary Bellamy, has been lost and forfeited under the sale of said property for taxes and the making and delivery of said tax deed therefor, and that they have no valid interest therein; and that the defendants William Deering & Co. and the International Harvester Company of America have been paid in full for the amount involved in said mortgage, and that demand has been made upon them for the release of said mortgage from the records of said county, and, although more than a year has elapsed since said demand, they have neglected and still refuse to release and cancel said mortgage, and the same remains a cloud upon plaintiff's title, and that plaintiff has been damaged thereby in the sum of $50."

No averment of fact as to the damages is made, and the allegation is merely a legal conclusion. *Houser v. Smith* (Kan.) 101 Pac. 1001. Counsel for defendant in error say: "How is the court able to tell what items of damages were testified to by the defendant in error and her witnesses at the trial below?" Facts not alleged, though proved, cannot form the basis of a decree or judgment by default. *Hall et al. v. Jackson,* 3 Tex. 305; *Dame v. Cochiti Reduction & Imp. Co.,* 13 N. M. 10, 79 Pac. 296. The only allegations of the pleadings fixed by the default are those traversable. *Weese v. Barker,* 7 Colo. 178, 2 Pac. 919; *McKinney v. State,* 101 Ind. 355. At best, upon such an allegation, judgment by default could be entered only for nominal damages.

It is further insisted, however, that the plaintiff in error should not be heard here on review as there were no exceptions saved at the time judgment was rendered. It has been repeatedly held by this court that, where errors are apparent upon the judgment roll or record of a cause, the same will be considered here, although no exceptions were taken thereto in the trial court. *Goodwin et al. v. Bickford,* 20 Okla. 91, 93 Pac. 548; *Baker v. Hammett et al.,* 23 Okla. 480, 100 Pac. 1114; *Stone v. Clogston, ante,* p. 162, 105 Pac. 642; *Board of County Com'rs of Garfield County v. Porter et al.,* 19

Okla. 173, 92 Pac. 153; *Kellogg v. School District,* 13 Okla. 285, 74 Pac. 110; *Territory ex rel. v. Caffrey,* 8 Okla. 193, 57 Pac. 204; *Caffrey v. Overholser,* 8 Okla. 202, 57 Pac. 206; *Lee v. United States,* 7 Okla. 558, 54 Pac. 792; Burdick on New Trials and Appeals, § 189, p. 156. See, also, *McKinstry v. Carter,* 48 Kan. 428, 29 Pac. 597.

The judgment of the lower court is reversed, with instructions to proceed in accordance with this opinion.

All the Justices concur.