## GOURLEY v. WILLIAMS.

No. 4276.   Opinion Filed May 25, 1915.

(149 Pac. 229.)

1. APPEAL AND ERROR—Presentation for Review—Record. Where a case is brought to this court by petition in error and transcript, no questions will be considered except those appearing in the record proper.

2. MORTGAGES—Provision for Attorney's Fee—Reasonableness—Presumption. An agreement in a mortgage to pay an attorney's fee on foreclosure is a contract, and not a penalty; and, if a sum certain is stipulated for, the court will consider this amount reasonable, unless it is extravagantly large and extortionate.

3. MORTGAGES—Provision for Attorney's Fee—Reasonableness. Where, in a mortgage for $3,000, the mortgagor agreed to pay a fee of $300 in case of foreclosure, which was allowed by the court below, this court cannot say, as a matter of law, that the amount is excessive.

4. APPEAL AND ERROR—Presentation for Review—Exception. Where error is apparent on the face of the record, no exception is necessary in the trial court to enable this court to review the error on petition in error and transcript, but the rule does not do away with necessity of a proper assignment of such error in the petition in error.

(Syllabus by Devereux, C.)

*Error from District Court, Cleveland County;*

*R. McMillan, Judge.*

Action by J. W. Williams against Austin R. Gourley and

others.   Judgment  for  plaintiff,  and  defendant  named  brings
error.   Affirmed.

This action was one for the foreclosure of a mortgage, and
the petition is, in substance, as follows: That on June 20, 1907,
the defendants Ira Studebaker and Jennieve Studebaker for a
good  and  valuable  consideration  executed  and  delivered  to  the
plaintiff  their  written  promissory  note  whereby  they  promised ·
to  pay  the  plaintiff  three  years  after  date  $3,000,  with  interest
at  the  rate  of  7  per  cent.  until  maturity,  and  10  per  cent.  after
maturity.   A  copy  of  the  note  is  attached  as  an  exhibit,  and
provides,  among  other  things,  that  if  any  installment  of  interest
is  not  paid  at  maturity,  that  the  principal  of  the  note  and  all
interest  due  thereon  shall  become  due  and  payable  at  once,  at
the  option  of  the  holder,  but  the  note  does  not  provide  for  any
attorney's  fee.   The  petition  then  alleges  that  the  defendants  have
failed  and  neglected  to  pay  the  same,  together  with  the  interest
due  June  20,  1910.   The  petition  further  alleges  that  on  June
20,  1907,  and  as  a  part  of  the  same  transaction,  and  to  secure
the  payment  of  the  note,  the  defendants  Ira  and  Jennieve  Stude-
baker  executed  and  delivered  their  mortgage  on  certain  land
dscribed  in  the  petition,  which  mortgage  is  attached  to  the  peti-
tion  as  an  exhibit,  and  which  was  recorded  on  July  10,  1907.
The  mortgage  is  in  the  proper  form,  and  contains  the  provision:

"Said first parties expressly agree that in case of foreclosure
of  this. mortgage,  and  as  often  as  any  proceeding  shall  be  taken
to  foreclose  the  same,  as  herein  provided,  the  mortgagor  will
pay  to  the  plaintiff  $300  as  attorney's  or  solicitor's  fees,  said
fee  to  be  due  and  payable  upon  the  filing  of  the  petition  for
foreclosure,  and  shall  be  a  further  charge  and  lien  upon  the  said
premises  described  in  this  mortgage,  and  the  amount  thereof  shall
be  recovered  in  said  foreclosure  suit  and  included  in  any  judg-
ment  or  decree  rendered  in  any  action  as  aforesaid,  and  collected,
and  the  lien  thereof  enforced,  in  the  same  manner  as  the  principal
debt  thereby  secured."

The petition further alleges default in the payment of interest and the election of the plaintiff to declare the entire amount due, including the attorney's fee of $300. The petition then alleges that the defendant A. R. Gourley (plaintiff in error) asserts some right in the land, but that such right is inferior to the mortgage of the plaintiff.

The defendants Studebaker were duly summoned by publication, but entered no appearance, and were adjudged in default. The plaintiff in error, Gourley, demurred to the petition:

"Because the petition is insufficient in substance and form, and does not state a cause of action against the defendant."

This demurrer was overruled, and exception saved.

The defendant filed an answer, to which a reply was filed, but, as the case comes to this court on petition in error and transcript, none of the issues of fact raised by pleadings are material, but it may be remarked that the answer does not plead that the attorney's fee of $300 is exorbitant, nor does it plead that the provision of the note providing for 10 per cent. after maturity is a penalty.

The trial court rendered judgment for the plaintiff below, allowing interest on the note at 7 per cent. until maturity, and at 10 per cent. after maturity, and allowing an attorney's fee of $300, to which judgment an exception was made as follows:

"To which said findings of fact and judgment rendered thereon, and each and every part thereof, the said defendant A. R. Gourley duly excepts."

The plaintiff in error brings the case here on petition in error and transcript, and the only errors assigned in the petition in error, which arise on the record and can be considered by us, are:

"(1)   That the petition filed in said cause does not support the judgment of the court, for in that the petition has attached to it the note sued on, which note does not provide for an attorney's fee, and said judgment, including said attorney's fee, is erroneous to the extent of said attorney's fee of $300.

"(2)   That the court erred in rendering judgment in said action for the attorney's fee in the sum of $300.

"(3)   That the court erred in holding that the petition stated a cause of action against the plaintiff in error, and in not sustaining the demurrer of the plaintiff in error to the petition."

*S. A. Horton* and *A. R. Gourley,* for plaintiff in error.
*Everest & Campbell,* for defendant in error.

DEVEREUX, C.   (after stating the facts as above).   This case comes before us by petition in error and transcript, and therefore we can consider only such questions as arise on the record proper. *Ballinger v. Von Weise,* 32 Okla. 114, 121 Pac. 250.

The first two errors assigned in the petition in error will be considered together, as they both raise the question whether on the face of this record there is error in the judgment in allowing an attorney's fee of $300, as provided in the mortgage.

In 2 Wiltsie on Mortgage Foreclosure, sec. 1003, it is said:
"It is the general rule that a reasonable attorney's fee for foreclosing a mortgage beyond the costs allowed by law may be contracted for in a mortgage, and the court will consider the amount stipulated for by the parties to be reasonable, unless it is extravagantly large and extortionate, so as to show that it was intended as a penalty to be held in *terrorem* over the mortgagor."

And the rule is laid down in almost the same words in 2 Jones on Mortgages, sec. 1606.

In *Sprinstead v. Crawsfordsville State Bank*, 231 U. S. 541, 34 Sup. Ct. 195, 58 L. Ed. 354, the question came before the Supreme Court on the point that the record showed that the Federal courts. The note in that case was below the jurisdictional amount, but it contained a provision for an attorney's fee, which, if added to the note would confer jurisdiction. The court held that it did, because the agreement to pay the attorney's fee created a legal obligation on the part of the payor, and this became a matter in controversy in making up the jurisdictional amount. We think that, under all the authorities, the promise to pay an attorney's fee in a mortgage, in case of foreclosure, is a part of the contract and not a penalty.

Plaintiff in error contends that the provision in this mortgage in regard to attorney's fees above set out, that in case of foreclosure, and as often as proceedings shall be taken to foreclose the same, the mortgagor shall pay to the mortgagee $300 as attorney's fees, makes this a penalty in the instant case, and therefore void. We cannot agree with this contention. It still remains a contract, and, if the mortgagee should attempt to bring frequent suits and exact this fee on each one, it would be held against conscience to enforce it. Plaintiff in error, by this argument, puts an extreme case of hardship which might arise under the contract, and asks this court for this reason to declare it void.

In *Monongahela Co. v. U. S.* 216 U. S. 177, 30 Sup. Ct. 356, 54 L. Ed. 435, the court says:

"Learned counsel for the defendant suggest some extreme cases showing how reckless and arbitrary might be the action of * * * officers. * * * It will be time enough to deal with such cases * * * when they arise. * * * Courts have rarely, if ever, felt themselves so bound by technical rules that they cannot find some remedy * * * for acts, whether done by government or by individual persons, that violated

\* \* \* justice or were hostile to the fundamental privileges devised for the protection of" property.

But that state of facts is not now before the court. The trial judge has allowed the fee of $300, according to the contract. There was no allegation in the answer that this amount was excessive, and we cannot say, as a matter of law, that it was.

The next assignment of error is that the court erred in holding the petition stated a cause of action, and in overruling the demurrer thereto. We fail to see wherein the petition fails to state a cause of action. It alleges all the material facts necessary, and is attacked by a general demurrer. In *Emmerson v. Botkin,* 26 Okla. 218, 109 Pac. 531, 29 L. R. A. (N. S.) 786, 138 Am. St. Rep. 953, it is held that a general demurrer to a petition should be overruled, if any of the statements of causes of action are good. See, also, deciding the same point, *Ardmore State Bank v. Mason,* 30 Okla. 568, 120 Pac. 1080, 39 L. R. A. (N. S.) 292; *Hurst v. Sawyer,* 2 Okla. 470, 37 Pac. 817; *City of Guthrie v. Harvey Lumber Co.,* 5 Okla. 774, 50 Pac. 84; *Hanenkratt v. Hamil,* 10 Okla. 219, 61 Pac. 1050; *State ex rel. Roberts v. Indian Territory, etc., Co.,* 32 Okla. 607, 123 Pac. 166; *Coody v. Coody,* 39 Okla. 719, 136 Pac. 754.

In *Weber v. Dillon,* 7 Okla. 568, 54 Pac. 894, it is held that it is only when the entire petition fails to state a cause of action that a general demurrer will lie. It is true that the petition sets out the note, which provides that it shall bear interest at 7 per cent., but, if not paid at maturity, it shall bear 10 per cent. It is clear, under the above authorities, that this question cannot be raised by a general demurrer.

The above embraces all the assignments of error set out in the petition in error that we can consider under the transcript in this case, as they are all that arise on the face of the record.

But plaintiff in error raises the question in his brief that the judgment is not supported by the pleadings, because it shows that

the 3 per cent. above the 7 per cent. is a penalty, as shown by the petition and exhibit, and the journal entry shows that the court allowed it as a part of the judgment, and to this extent the judgment is excessive. We have set out the assignments of error, and by no possible construction can they be held to raise this question. It is true that, where error appears on the face of the record, no exception is necessary. *Coffrey v. Overholzer,* 8 Okla. 202, 57 Pac. 206; *Goodwin v. Bickford,* 20 Okla. 91, 93 Pac. 548, 129 Am. St. Rep. 729; *Kellogg v. School District No.* 10, 13 Okla. 285, 74 Pac. 110; *Baker v. Hammett,* 23 Okla. 480, 100 Pac. 1114; *International Harvester Co. v. Cameron,* 25 Okla. 256, 105 Pac. 189; *Tribal Development Co. v. White,* 28 Okla. 525, 114 Pac. 736. But none of these cases hold that alleged error can be considered without a proper assignment of error in this court. In *Tribal Development Co. v. White,* 28 Okla. 525, on page 529, 114 Pac. 736, on page 737, the court say:

"When the case is duly brought to this court on a transcript of the record, the error is then one appearing on the face of the record proper, and this court may review the same upon a proper assignment contained in the petition in error."

In *Turner v. First Natl. Bank,* 40 Okla. 498, 139 Pac. 703, it is held:

"Where an assignment of error is so general as not to point out the real error or errors complained of, this court will not consider them, nor will it examine the record with regard thereto."

This has been repeatedly held by this court. See *Willet v. Johnson,* 13 Okla. 563, 76 Pac. 174; *Johnson v. Johnson,* 43 Okla. 582.

There is no assignment of error in the petition in error raising the point attempted to be presented, and, following the above cases, it will not be considered.

We therefore, recommend that the judgment be affirmed. By the Court: It is so ordered.