## PACE v. PACE et al.

No. 8900—Opinion Filed May 14, 1918.

(172 Pac. 1075.)

**1. Appeal and Error—Ruling on Demurrer—Exception—Necessity.**

A demurrer to the petition and the order of the court sustaining the same are a part of the judgment roll or record proper, and error of the trial court in passing upon said demurrer will be reviewed in this court, though no exceptions have been taken to the ruling of the trial court.

**2. Trusts—Resulting—Land Purchased for Ward—Enforcement by Trustee.**

A guardian appointed to have charge of the persons and estates of four minors, by mistake petitioned the county court having jurisdiction to order the investment of funds alleged to belong to the estate of one of said wards, which order was duly made pursuant to said petition. Lands were purchased, the title to which was taken in the name of said ward, when in fact said guardian had in his possession no funds of said ward, the funds expended for such lands belonging to the estates of the other three wards. Such guardian, having resigned his guardianship, and a successor having been duly appointed and qualified, cannot maintain an action to declare a trust in said lands in favor of the other wards, and to have the title divested from the ward in whose name it was taken and vested in the other wards whose money was expended therefor.

**3. Guardian and Ward — Investment—Order—Mistake.**

A guardian, appointed in one proceeding for four wards, is not protected in the investment in lands of funds belonging to the estates of three of said wards by an order of the county court, upon the petition of said guardian, which by mistake alleged that such funds belonged to the estate of the other of said wards, directing the said guardian to invest funds of such other ward in said lands, which investment was accordingly made and title taken in the name of said other ward.

(Syllabus by Rummons, C.)

Error from District Court, Mayes County; W. H. Brown, Judge.

Action by James Pace against Thomas Jefferson Pace and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Kent V. Gay, for plaintiff in error.

A. Lee Battenfield and Graves & Seaton, for defendants in error.

Opinion by RUMMONS, C. This action was instituted in the district court of Mayes county by the plaintiff against the defendants to declare a trust in certain real estate situate in Mayes county, the legal title to which was in the defendant Thomas Jefferson Pace, in favor of the defendants Rosa L. Pace, James W. Pace, and Carrie May Pace, minors, and to vest the legal title to said real estate in said Rosa L. Pace, James W. Pace, and Carrie May Pace. The defendants Rosa L. Pace, James W. Pace, and Carrie May Pace by their guardian demurred to the petition of plaintiff for the reason that the same did not state facts sufficient to constitute a cause of action. The trial court sustained this demurrer, and, the plaintiff electing to stand upon his petition, judgment was rendered for the defendants to reverse which the plaintiff prosecutes this proceeding in error.

The petition alleges that the plaintiff was the duly appointed, qualified, and acting guardian of the persons and estates of Thomas Jefferson Pace, Rosa L. Pace, James W. Pace, and Carrie May Pace until January 13, 1915, at which time plaintiff resigned his guardianship, and the defendant R. D. Morgan was duly appointed as guardian of the persons and estates of said minors to succeed him; that said D. R. Morgan qualified as such guardian, and is now acting as the guardian of said minors; that, on November 12, 1912, the county court of Mayes county, having jurisdiction of the guardianship of said minors, upon the petition of plaintiff, made and entered an order directing the plaintiff, as guardian, to invest the sum of $1,250 of the funds belonging to Thomas Jefferson Pace, minor, in the real estate here in controversy; that pursuant to said order the plaintiff paid the sum of $1,250 as the purchase price of said real estate, and received a warranty deed conveying title to the said Thomas Jefferson Pace; that plaintiff had made a mistake of fact in advising the said county court, in his petition to invest said funds, that said funds were the property of Thomas Jefferson Pace, a minor; that in truth and in fact plaintiff had in his possession, as guardian no funds of Thomas Jefferson Pace, but said sum of $1,250 belonged, one-fourth, or the sum of $312.50, to Rosa L. Pace, a minor and one-half, the sum of $625, to James W. Pace, a minor, and one-fourth the sum of $312.50, to Carrie May Pace, a minor; that the sum of $1,250 so invested by the plaintiff, as guardian, in said real estate, the title to which was taken in the name of Thomas Jefferson Pace, belonged to the estates of Rosa L. Pace, James W. Pace, and Carrie May Pace, minors; that said Thomas Jefferson Pace holds only the naked, legal title to said real estate, and holds the same as trustee for James W. Pace, Carrie May Pace, and Rosa L. Pace, minors, in the above proportions as above set out, and that said last-named minors are the equitable owners of said real estate. The petition further alleges that the plaintiff has been ordered by the county court of Mayes county to file his final report as guardian of said minors and account for all funds and property which has come into his hands as such guardian; that by reason of his mistake of fact in taking title to said real estate in the name of Thomas Jefferson Pace, a minor, when as a matter of fact the funds invested in said real estate belonged to James W. Pace, Rosa L. Pace, and Carrie May Pace, minors, it is impossible for him to file his final account and make report of the funds and assets that have come into his hands as such

guardian until a resulting trust is declared and the legal and equitable title to said real estate transferred to the owners thereof; that said county court of Mayes county is requiring that he deliver to his successor as guardian all funds in his hands not accounted for, and that, if such settlement be required of plaintiff, he would be compelled to pay out of his own funds the sum of $1,250. The petition then prays that a resulting trust be declared in favor of Rosa L. Pace, James W. Pace, and Carrie May Pace, that Thomas Jefferson Pace be decreed to hold title to said real estate in trust for them, and that he (Thomas Jefferson Pace) be divested of the legal title, and that the legal title be vested in said minors above mentioned.

We are first met by a motion of the defendants to dismiss this appeal for the reason that the plaintiff failed to except to the order of the trial court sustaining the demurrer to his petition. This motion is not well taken. The demurrer and the order of the court sustaining the same are a part of the judgment roll or the record proper, and it has been well settled by this court that it will review error appearing upon the judgment roll or record proper, though no exceptions have been taken in the trial court. International Harvester Co. of America v. Cameron, 25 Okla. 256, 105 Pac. 189; Baker v. Hammett, 23 Okla. 480, 100 Pac. 1114; Tribal Development Co. v. White, 28 Okla. 525, 114 Pac. 736; Gourley v. Williams, 46 Okla. 629, 149 Pac. 229.

Counsel for plaintiff contends that his petition states a cause of action, and that under the facts alleged he, being by reason of his appointment and acting as guardian, liable to account to the minors Rosa L. Pace, James W. Pace, and Carrie May Pace for the sum of $1,250 of their funds which was by mistake invested in property, the title to which was taken in the name of Thomas Jefferson Pace, has such an interest in the execution of the trust arising therefrom that he can maintain his action. It may be conceded that the facts stated in the petition are sufficient to raise a resulting trust, and to show that Thomas Jefferson Pace is the holder of only the naked legal title to said real estate, and that the equitable title is vested elsewhere. The difficulty arises in determining whether or not the plaintiff is entitled to have a trust declared in favor of the minor defendants Rosa L. Pace, James W. Pace, and Carrie May Pace, over their objection in order to relieve himself of his mistake.

It will be borne in mind that in this action the plaintiff is not seeking to have a trust declared in his own favor, but is seeking to enforce a trust in favor of the minor defendants in order to relieve himself from accounting for funds of said minor defendants, which, by mistake and carelessness, he has invested in property, taking title thereto in the name of another. The petition addressed to the county court of Mayes county and the order of the county court made and entered therein, directing the investment of these funds in the real estate in question, calls for the investment of funds belonging to the estate of Thomas Jefferson Pace. It is contended by counsel for plaintiff that the proceedings in the county court which resulted in the order directing the investment of these funds is in rem, and not in personam, and that therefore the funds in the hands of the guardian were controlled by said order without regard to which of the minors said funds properly belonged, and the taking of title in the name of Thomas Jefferson Pace was a mere error which could be corrected in a court of equity by declaring a trust in favor of the minors to whom the funds belonged.

For the purposes of this opinion it may be conceded that the proceeding to procure an order to invest these funds in the county court was a proceeding in rem, and not in personam. We do not, however, undertake to determine in this case whether or not it was a proceeding in rem or in personam, since, as we view this case, such determination is unnecessary. It seems that the guardianship of the four minor defendants was pending in the county court of Mayes county as one case, although the guardian of said minors had in his possession funds belonging to them in different amounts. It is therefore contended by counsel for plaintiff that, since these funds were in his possession as guardian by appointment made for the four minors in one case, the order to invest the sum of $1,250 in question was in rem, and it could reach that particular sum of money belonging to one of the minors under the jurisdiction of the county court.

The petition of plaintiff for the investment of this sum advised the county court that he had the sum of $1,250 belonging to Thomas Jefferson Pace for investment; thereupon the court ordered that he invest said sum belonging to Thomas Jefferson Pace, in such real estate. This order could only affect funds belonging to Thomas Jefferson Pace, even though it be in rem; the estate upon which the order of the court operated was the estate of Thomas Jefferson Pace. His estate was the res affected by the proceeding, and not the estate of the other three minors. Counsel for plaintiff has cited no authority, nor have we been able to find any, holding that, in a case like this, where estates of several minors were under guardianship, an order made in a proceeding to invest funds, which by mistake were alleged to belong to one of the wards, and which directed the investment of funds belonging to said minor, would bind the estates of the other wards. It is apparent that many reasons might exist in such a case where the investment would be advisable and proper for one of the wards when it might be wholly inadvisable or improper for others of such wards.

It seems clear to us that an order of the court directing a guardian to invest funds belonging to one ward under his guardianship can afford no protection to the guardian if the funds he actually invests belong to other wards under his guardianship, and this without regard to whether or not his appointment was made in one or several proceedings. It seems to us that the plaintiff, if he had by mistake invested the funds of a stranger to the guardianship which happened to be in his hands and taken title to the real estate purchased in the name of one of his wards, could as well invoke the aid of a court of equity to declare a trust in favor of the stranger as he can in the instant case invoke its aid to declare a trust in favor of his other wards.

The petition of plaintiff does not allege facts sufficient to authorize a court of equity to declare a trust in favor of the minor defendants Rosa L. Pace, James W. Pace, and Carrie May Pace, nor, since it fails to allege that plaintiff has accounted for the funds of said last-named minors mistakenly invested in this real estate, does it state facts sufficient to authorize a trust to be declared in favor of the plaintiff.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.