## CAMERON et al. v. CAMERON et al.

No. 12044—Opinion Filed June 12, 1923.

Rehearing Denied July 24, 1923.

(Syllabus.)

**1. Appeal and Error—Notice of Appeal—Time Following Denial of New Trial.**

Where a motion for a new trial is necessary and proper in order to review alleged errors of the trial court, the notice of appeal required in section 782, Comp. Stats. 1921, shall be given within ten days after the order overruling motion for such trial, and it is not necessary to give such notice within ten days from the date of rendition of judgment.

**2. Same — Time Where Motion for New Trial Unnecessary.**

Where motion for a new trial is not necessary to present question for review, the time for giving such notice runs from date of the rendition of the judgment, and not from date of the order overruling motion for a new trial.

**3. Appeal and Error—Service of Case-Made—Necessary Parties.**

It is not necessary for the party appealing to serve the case-made for such appeal on any party to the action who did not appear at the trial and take part in the proceedings from which the appeal is taken, and where the journal entry of judgment recites that a party appeared at the trial but filed no pleading in the case, and where the record shows that he took no part in the proceedings, held, not necessary to serve case-made on such party.

**4. Trusts—Action to Declare Trust in Property—Fraud of Creditors as Defense — Evidence—Pleading.**

Where a defendant seeks to have a trust declared in certain property and plaintiff offers to prove that the property of defendant which it is alleged created the trust fund was delivered to plaintiff by defendant for the purpose of defrauding the creditors of defendant, it is not error to exclude such testimony where the plaintiff's pleading contains no allegation of fraudulent transfer.

**5. Trusts—Mingling of Funds—Rights of Cestui Que Trust to Follow Intermingled Fund Invested.**

Where a trustee wrongfully mingles trust funds with individual funds and any portion of the intermingled fund can be traced into a particular piece of property purchased out of such mingled fund, the cestui que trust has a lien upon the property purchased for the amount of the trust fund misemployed; but the cestui que trust is not entitled to be adjudged the equitable owner of the property.

**6. Same—Recovery of Fund—Admissibility of Evidence.**

Record examined, and held, that the court committed no error in excluding payments made to the children of the defendant or admitting copy of decree of divorce granted to defendant.

Error from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

Action by Lillian S. Cameron against Florence K. Cameron and others. Judgment

for defendant named on her cross-petition, and plaintiff and another bring error. Affirmed in part and reversed in part.

Geo. S. Ramsey, Edgar A. de Meules, Malcolm E. Rosser, and Villard Martin, for plaintiffs in error.

Neff & Neff and Harry G. Davis, for defendant in error.

COCHRAN, J. The defendant in error has filed herein a motion to dismiss the appeal of plaintiff in error Oklahoma Producing & Refining Corporation, on the ground that a motion for a new trial was not filed within three days after judgment was rendered, and that notice of appeal within 10 days after the judgment was rendered was not given. The defendant in error has also filed a motion to dismiss the appeal of plaintiff in error Lillian S. Cameron, for the reason that a joint judgment was rendered against Lillian S. Cameron, A. A. Cameron, and Otho T. Gilbertson, and case-made was not served on A. A. Cameron and Otho T. Gilbertson.

Plaintiff in error Oklahoma Producing & Refining Corporation, in its response to motion to dismiss appeal originally filed herein, contended that a motion for a new trial was not necessary, because judgment was taken against it on the pleadings filed, and no motion for a new trial is necessary to take advantage of an improper ruling on motion for judgment on the pleadings. It appears that this contention is well taken, but since no motion for a new trial was necessary, notice of appeal was required to be given within ten days after the judgment rendered against the Oklahoma Producing & Refining Corporation. Under the provisions of section 782, Comp. Stats. 1921, providing:

"The proceedings to obtain such reversal, vacation, or modification shall be by petition in error filed in the Supreme Court setting forth the error complained of; but no summons in error shall be required, and the party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intentions to appeal to the Supreme Court"

—notice given within ten days from the date of the order overruling a motion for a new trial is sufficient to present for review questions which had to be preserved for review by the filing of a motion for a new trial; but, where the motion for a new trial was not necessary to present the question for review on appeal, the time for giving the notice of appeal commenced to run from the date of the rendition of the judgment, and not from the date of the order overruling the motion for a new trial. Since it is conceded by the plaintiff in error that motion

for new trial was unnecessary and unauthorized and, since notice of appeal was not given within ten days from the date judgment was rendered, the appeal of plaintiff in error Oklahoma Producing & Refining corporation of America should be dismissed.

As to the motion to dismiss appeal of plaintiff in error Lillian S. Cameron on the ground that a joint judgment was rendered against the said Lillian S. Cameron, A. A. Cameron, and Otho T. Gilbertson, section 782, Comp. Stats. 1921, provides:

"It shall not be necessary for the party appealing to serve the case-made for such appeal on any party to the action who did not appear at the trial and take part in the proceedings from which the appeal is taken, or who shall have filed a disclaimer in the trial court; nor shall it be necessary to make any such person a party to the petition in error."

Neither A. A. Cameron nor Otho T. Gilbertson filed any pleading in the case, but it does appear from the journal entry that A. A. Cameron appeared at the trial. An examination of the record discloses, however, that A. A. Cameron took no part in the proceedings, made no defense, and the only record of his appearance is that contained in the journal entry. We are of the opinion that the provision of the statute contemplates that the party shall not only appear at the trial, but that he shall take part in the proceedings from which appeal is taken, and the appearance without participation in the proceedings is not sufficient to make it necessary to serve copy of the case-made on such party. The motion to dismiss the appeal of the plaintiff in error Lillian S. Cameron is not well taken. This action was commenced by the plaintiff in error Lillian S. Cameron to recover one-fourth of the expense of operating an oil and gas lease on certain lands in Muskogee county, it being alleged that plaintiff was the owner of a three-fourths interest in said lease, and that some one or more of the defendants owned the remaining one-fourth interest therein, and that plaintiff had paid all the expense of operating the said lease. The defendant Florence K. Cameron filed an answer and cross-petition, alleging that she was the owner of the entire lease, and she alleged, in substance, that on the first day of February, 1917, Lillian S. Cameron was indebted to defendant in the sum of $6,000 with interest, which sum was evidenced by bonds of the Argentine Republic; that said bonds were held in trust by Lillian S. Cameron for defendant, and that said Lillian S. Cameron had collected the amount due on said bonds and had failed and refused to account to the defendant therefor; that on the first day of February,

1917, plaintiff was also indebted to defendant in the sum of $5,500 with interest, which amount was invested in bonds of the Magnolia Petroleum Company, and which bonds were held in trust by the plaintiff for defendant, and which have been reduced to cash and plaintiff has failed and refused to account to defendant therefor; that plaintiff has invested a portion of the money belonging to defendant in the oil and gas lease described in plaintiff's petition; that the three-fourths interest in the lease was in the name of the plaintiff, but in fact belonged to defendant Florence K. Cameron and was held in trust by the plaintiff for such defendant. The defendant asks that she be decreed to be the owner of the lease and that she have an accounting for the oil received by the plaintiff therefrom, and also an accounting for the trust funds held by the plaintiff for her, and judgment for the balance due her from such trust.

Upon the trial of the case, the court found that the plaintiff was a trustee of the defendant Florence K. Cameron for bonds of the Argentine Republic, and that defendant was entitled to judgment against the plaintiff for the sum of $5,975.50, with interest from January 7, 1919, at 6% by reason thereof. The court further found that plaintiff was a trustee of the defendant Florence K. Cameron for the of $5,500, which at that time was invested in Magnolia Petroleum Company bonds, and that such sum was held in trust by plaintiff for the defendant at the time of the purchase of the oil and gas lease in controversy and that the three-fourths interest in the oil lease was paid for out of such fund. The court further found that the plaintiff was entitled to have credit for the sum of $1,845.06, the sum expended by her in the operation of the one-fourth interest in the lease, and, after allowing such credit, there was a balance due to defendant for oil received from the lease of $9,035.58. The court concluded that the defendant Florence K. Cameron was the owner of the one-fourth interest in the lease, and that she was also the equitable owner of the three-fourths interest in such lease which stood in the name of Lillian S. Cameron, and rendered judgment decreeing said defendant to be the owner of such lease, and also rendered a money judgment in her favor against the plaintiff for $15,710.20.

The plaintiff sought to prove upon cross-examination of defendant Florence K. Cameron that the trust fund which she sought to reach in this proceeding was created for the purpose of defrauding the creditors of Florence K. Cameron and her husband, A.

A. Cameron. Testimony offered for that purpose was excluded by the trial court, and this action of the trial court is assigned as error. An examination of the reply of the plaintiff to the answer of Florence K. Cameron shows the following allegations:

"Plaintiff alleges that some time in January, 1912, at a time when A. A. Cameron was financially embarrassed, and at the time lawsuits were pending against him and others threatened, without consideration and for the purpose of placing same beyond the reach of his creditors, he transferred to Florence K. Cameron preferred stock in the Pure Oil Company of the par value of $11,500. That afterwards and sometime in the said month of January, 1912, the cross-petitioner, Florence K. Cameron, with her then husband, A. A. Cameron, came to this plaintiff and requested this plaintiff to receive and accept a transfer and assignment of said stock, and both A. A. Cameron and Florence K. Cameron stated to this plaintiff that they wanted her to take and hold said stock so that the proceeds thereof might be available for the support of their family, and that she accepted said assignment with the understanding and agreement between her and the said Florence K. Cameron, as well as said A. A. Cameron, that said stock should be held by her and the proceeds thereof used for the support of the said A. A. Cameron and Florence K. Cameron and their children."

It is thus seen that there is no question of fraud on the part of the defendant Florence K. Cameron, or that the transfer to the plaintiff was for the purpose of defrauding the creditors of either A. A. Cameron or Florence K. Cameron. The general rule is that where fraud is an essential ingredient of a cause of action or defense, it must be pleaded. Since the plaintiff did not plead the fraud as a defense to the equitable rights of the defendant Florence K. Cameron, the trial court did not err in excluding the offered testimony.

It is next contended by the plaintiff that the trial court erred in holding that the three-fourths interest in the oil and gas lease was held in trust by the plaintiff for the defendant Florence K. Cameron. The undisputed testimony shows that in January, 1912, Florence K. Cameron was the owner of stock of the Pure Oil Company of the value of $11,500, and that this stock was delivered to the plaintiff under a written agreement that the same was being held by the plaintiff for the defendant and would be returned to Florence K. Cameron upon demand. Thereafter, the stock of the Pure Oil Company was redeemed by the company and $6,000 of the proceeds was invested in bonds of the Argentine Republic, and a

written statement given by plaintiff to defendant showing that the defendant was the owner of such bonds. As to the remaining $5,500 derived from the Pure Oil Company stock, there is some dispute in the testimony. The plaintiff contended that $1,500 of this amount was given to defendant at the time the Pure Oil Comany stock was delivered to her, and, thereafter, $1,000 was given to A. A. Cameron, and that all of the $5,500 was received by Florence K. Cameron and her husband, the final payment of $1,700 being made on December 18, 1917. The trial court found against the contention of the plaintiff on these items and found that she had accounted to the defendant for no part of the $5,500, and that said amount was invested in the three-fourths interest in the oil and gas lease. It is unnecessary to pass on the correctness of the finding of the trial court in regard to any portion of the $5,500 except the $1,700 item. We are of the opinion that as to this item, the finding of the trial court was clearly against the weight of the evidence. The trial court, as to this item, said:

"The court finds that in regard to the $1,700 check introduced that there is no positive proof that the cross-petitioner, Florence Cameron, received that money from the plaintiff, and there is positive proof that she did not, and the court finds as a fact that she did not receive that money, and that no allowance should be made for it."

The testimony on that item shows that a check was written to Mrs. A. A. Cameron by the plaintiff and was deposited to the credit of Mrs. Florence K. Cameron in the bank at Muskogee, and that at that time said check bore the indorsement, "Mrs. A. A. Cameron." The check was introduced in evidence, and while Mrs. Florence K. Cameron denied that the signature was her signature, her son testified that it was his mother's signature and the books of the bank were introduced in evidence showing that the $1,700 was deposited to the account of Mrs. Florence K. Cameron in the bank at Muskogee. While, as stated above, defendant denied that she indorsed the check, yet she in no manner explains how it happened to be deposited to her account in the bank, and it is clear to us that this item was received by her and she received the benefits therefrom. As stated above, this being our opinion as to this item, it is not necessary to consider the finding of the trial court as to the remainder of the $5,500, as it is necessary for the case to be reversed and retried.

We are also of the opinion that the finding of the trial court that the three-fourths interest in the oil and gas lease was purchased out of the trust funds held by the plaintiff for Florence K. Cameron was clearly against the weight of the evidence. The $6,000 which was invested in the bonds of the Argentine Republic could not have been any portion of the purchase price of this oil and gas lease, for the reason that the last purchase of an interest in this lease was made in 1918, whereas the bonds of the Argentine Republic were not sold until January 7, 1919, so the $5,500 was the only trust fund which could have been available for the purchase of this oil and gas lease. It is not contended by the defendant that the testimony shows that this $5,500 fund can be traced into this oil and gas lease, but the contention of the defendant is that after the Pure Oil Company stock was sold, this $5,500 was first invested in stock of the Magnolia Petroleum Company, which was afterwards redeemed and the cash received therefor was mingled with the funds of the plaintiff, and was so mingled with her funds at the time of the purchase of the oil and gas lease, and it is further contended that the defendant testified that the plaintiff told her she was going to invest this money in oil property in Oklahoma, and since the oil lease was the only oil property the plaintiff had acquired in Oklahoma, we should presume that the funds of the defendant were invested therein.

We thoroughly agree with the authorities cited by defendant to the effect that where a person having money of another in his hands to invest for the owner uses the same for the purchase of property in his own name, the law will hold him to be the trustee of the owner of the money; but in the case at bar the testimony does not show that the funds of the defendant were invested in this lease. The plaintiff testified that this lease was purchased out of the proceeds of the sale of certain bonds which she owned individually, and this testimony was not controverted. We think the correct rule is stated in Lewin on Trusts, vol. 2, page 894, as follows:

"It may be said that the trust money has, like water, run into the general mass, and become amalgamated, and therefore the cestui que trust has no lien. But clearly this cannot be maintained, for suppose a trustee, partly with his own money and partly out of the trust fund, to have purchased an estate. It cannot be predicated of any particular part of the estate that it was purchased with the cestui que trust's money, and yet the cestui que trust has a lien upon the whole for the amount that was misemployed. And it follows in the other case, that though the identical pieces of coin cannot be ascertained, yet, as there

is so much belonging to the trust in the general heap, the cestui que trust is entitled to take so much out."

And in this case, if the plaintiff wrongfully mingled the trust funds with her individual funds, the trust character attached to the entire fund, and, if any portion of the intermingled fund could be traced into the oil and gas lease in controversy, the defendant would have a lien thereon to the amount of the trust fund, but would not be entitled to be decreed to be the equitable owner thereof. Underhill on Trusts and Trustees (7th Ed.) 476, states the rule as follows:

"However, wherever the trustee has mixed the trust fund with his moneys, then, before a charge or lien can be substantiated, it must be shown that the trust fund in fact forms part of the fund or property on which the lien is claimed."

In Lewin's Law of Trusts, 1156, it is said:

"The mere fact that a trustee has trust money in his hands when he makes a purchase is not sufficient to attach the trust on lands bought by him. But if the trustee, who is under an obligation to lay out money on land, purchase an estate at a price corresponding with the sum to be invested, the court, independently of positive evidence, may presume the trust money to have been so applied."

In the instant case, we hold that the trial court was in error in presuming the trust money to have been applied to the purchase of this oil and gas lease, (1) because after deducting the $1,700 with which we have concluded the defendant should be charged, the price paid for the lease does not correspond with the amount which the defendant claimed was held in trust for her; and (2) because the positive evidence identifies the particular property which went into the purchase of this lease.

Having concluded that the judgment of the trial court, decreeing the defendant Florence K. Cameron to be the owner of the three-fourths interest in the lease was error, it necessarily follows that that portion of the judgment awarding Florence K. Cameron a money judgment for the oil received from such lease was erroneous.

The plaintiff complains of the action of the trial court in excluding various exhibits offered by the plaintiff, being exhibits 8 to 40, inclusive, which were checks drawn by the plaintiff payable to children of the defendant, or to various persons for the expense of the children, and aggregating $1,200. These exhibits were offered on the

theory that the bonds were delivered to the plaintiff for the use of defendant's family. We are of the opinion that there was no error in the exclusion of this testimony. There is no evidence showing that these items were paid out upon the request of the defendant, or with any knowledge on her part that the same was being paid out of the trust funds. The testimony shows that in September, 1917, the plaintiff gave Florence K. Cameron a written statement showing that she held Argentine Republic bonds of the value of $6,000 in trust for her. On December 23, 1918, a divorce was granted to Florence K. Cameron from her husband, A. A. Cameron, and the decree awarded the $6,000 in Argentine Republic bonds to Florence K. Cameron and also awarded her $150 per month for the support of her children. Within a few days and on January 7, 1919, without the knowledge or consent of Florence K. Cameron, the plaintiff sold the Argentine Republic bonds. Under these circumstances, payments made to the children constituted no defense. We are of the opinion that the judgment for $5,975.50, with interest at 6 per cent. from January 7, 1919, rendered in favor of Florence K. Cameron and against the plaintiff should be affirmed, but from this amount should be deducted one-fourth of the cost of operating the lease, the total amount of which the trial court found to be $1,845.08, one-fourth thereof being $461.27, which should bear interest at 6 per cent. from July 10, 1920.

It is further contended that the trial court erred in permitting the defendant to introduce in evidence a copy of the decree of divorce in the case of Florence K. Cameron v. A. A. Cameron. It was the contention of the plaintiff that the bonds were delivered to her to be used for the family of Florence K Cameron, and it was proper to show that as between the husband and wife, the wife had been adjudged the owner of this property, and, although the plaintiff was not a party to the suit, she had knowledge of the terms of the decree.

The appeal of the Oklahoma Producing & Refining Corporation of America is dismissed.

The judgment of the trial court is affirmed for the amount of the proceeds of the sale of the Argentine Republic bonds in the sum of $5,975.50 with interest at 6% from January 7, 1919, less the sum of $461.27, with interest at 6% from July 10, 1920, same being the expense of operating the one-fourth interest in the oil and gas lease in controversy; and judgment is rendered herein

against E. E. Shock and E. Constantine, sureties on the supersedeas bond of Lillian S. Cameron for the above amount; and the judgment of the trial court is reversed as to the remainder of the judgment against Lillian S. Cameron, and cause is remanded with directions to grant a new trial as to the other issues in the case. The costs of this appeal are taxed, one-half to the plaintiff in error, Lillian S. Cameron, and one-half to defendant in error, Florence K. Cameron.

KENNAMER, NICHOLSON, HARRISON and MASON, JJ., concur.