Note.—See under (1) 3 C. J. p. 964, §854; p. 1051. §1050; p. 1055. §1054: 2 R. C. L. p. 108; I R. C. L. Supp. 399. (2) 3 C. J. pp. 1066, 1067, §1074; 4 C. J. p. 567. §2380: 2 R. C. L p. 104; 1 .R C. L. Supp. p. 398. 4 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 67. (3) 4 C. J. p. 346. §1986. p. 353. §1997: p. 570, §2380; 2 R. C. L. p. 159; 4 R. C. L. Supp. p. 86: 5 R. C. L. Supp. p 75. (4) 3 C. J. p. 966, §862; 4 C. J. p. 572, §2380 (Anno).

## COLLINSON v. BARTON.

No. 17484—Opinion Filed Feb. 15, 1927.

(Syllabus.)

### Appeal and Error—Questions of Fact—Conclusiveness of Verdict.

In a civil action triable to a jury. where there is competent evidence reasonably tending to support the verdict of a jury and n

prejudicial errors of law are shown in the instructions of the court, or its rulings on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by H. S. Collinson, trading as the Collinson Automobile Company, against R. E. Barton. Judgment for defendant on cross-petition, and plaintiff appeals. Affirmed.

A. Plack Carr, for plaintiff in error.

Frank T. McCoy and A. M. Widdows, for defendant in error.

MASON, V. C. J. The plaintiff in error was plaintiff, and the defendant in error was defendant in the trial court, and for convenience they will be referred to herein as they there appeared.

The plaintiff commenced this action against the defendant to recover $150 and interest, making a total of $181.50 as the balance due on a note for $450 executed by the defendant and delivered to the plaintiff on June 21, 1922.

The defendant admitted the execution and delivery of the note for $450, which was part consideration for a second-hand Buick automobile purchased from the plaintiff. Defendant also admitted that in addition to said note he delivered to the plaintiff his second-hand Ford automobile of the agreed value of $150; that he had paid $300 on said note. The defendant also alleged the want of consideration for said note and by cross-petition sought to recover said $300 and the value of said Ford automobile, or a total of $450 with interest.

The defendant alleged that as a part consideration therefor, the plaintiff had warranted title to said Buick automobile and agreed to furnish the defendant with the necessary certificates to enable the defendant to obtain a license for said automobile in the state of Oklahoma, and to furnish him evidence of its previous registration, but that the plaintiff had failed and refused to do so, and that the defendant, as a result thereof, had not been able to use said car.

The case was tried to a jury, and the evidence on behalf of defendant is substantially as follows:

That the defendant made the payments totaling $300; that when he received the Buick car there was a Kansas license tag thereon; that the plaintiff agreed to produce the necessary certificates so that the de-

fendant could secure an Oklahoma license; that the plaintiff was a resident of, and had an automoblie agency in Arkansas City, Kan.; that the defendant applied to an agent of the Oklahoma Highway Department for a license, but was advised that he could not secure it without a certificate of the former ownership of said car from the Kansas Highway Department; that the defendant later applied to another agent of the Oklahoma Highway Department for an Oklahoma license and his app'ication was properly made out and forwarded to the Highway Department at Oklahoma City, but no license was issued and his application was returned for the reason that it was not accompanied by a certificate from the Kansas Highway Department; that the defendant complained to the plaintiff and he agreed to assist the defendant in securing a proper license, but that he never complied with said agreement; that the defendant, both in person and by attorney, wrote the Kansas Highway Department giving the number of the tag on the car at the time it was secured from the plaintiff and was advised by that department that said tag had not been issued for a Bu'ck car, but had been issued for a Hudson car, giving the number thereof; that the Highway Department of both Kansas and Oklahoma advised the defendant that said Buick car had not been registered theretofore; that thereafter, in the spring of 1923, his wife was arrested for driving the car without a license and he was forced to pay a fine; that after the arrest of his wife, they were afraid to use the car further and that the defendant was advised by a representative of the Highway Department that it would be a violation of the law to use or have the car in his possession without a license, and as he could not secure one, he set the car out in the open; that he could not store it in the garage for the same reason; that at the time this action was filed and at the time of the trial, during the month of December, 1925, the car still remained in the open and had not been used.

At the close of defendant's evidence, the plaintiff demurred thereto, which was overruled. The plaintiff, in rebuttal, denied certain portions of defendant's evidence and testified that he possessed a dealer's license in the state of Kansas, which authorized him to transfer said dealer's license tag from car to car. He further testified, however, that no such tag was on the car in question at the time it was delivered to the defendant. The jury returned a verdict finding against the plaintiff and for the defendant, on his cross-petition, in the sum

of $450 without interest, upon which the court rendered judgment and 'from which the plaintiff has duly perfected this appeal.

For reversal, it is first urged that the court erred in not sustaining the plaintiff's demurrer to defendant's evidence. We see no merit in this contention, as the allegations of the defendant's answer and cross-petition were amply supported by the evidence. The rule is too well established to require the citation of authorities that in a law action where there is any competent evidence introduced at the trial reasonably tending to establish the allegations of the defendant's cross-petition, it is error for the court to sustain the plaintiff's demurrer to such evidence.

It is next urged that the trial court erred in giving instructions Nos. 6 and 8. By instruction No. 6, the court advised the jury that persons were not permitted to operate and use automobiles upon the highways of this state, unless the license fee for the current year had been paid and the license tag evidencing the same was displayed thereon, and that persons operating and using automobiles in violation of said law were subject to punishment.

It was contended by the defendant that the plaintiff had agreed to furnish the necessary certificates so that he could secure a license certificate from the Oklahoma Highway Department for the use of said car in Oklahoma, and that the plaintiff's failure so to do deprived him of the use of said car and, therefore, there was no consideration for the note sued on. We think the giving of the foregoing instruction was proper.

By instruction No. 8, the court advised the jury that a dealer's license tag under the law can only be used on new cars. We think the giving of this instruction was proper, inasmuch as the plaintiff made some contention that he possessed a dealer's license tag and that the same was sufficient to cover the second-hand car in question at the time it was transferred to the defendant.

Counsel for plaintiff in error also discusses the evidence in the case and insists that it is insufficient to support the verdict of the jury. It is true there is considerable conflict in the evidence, but we have examined all of the instructions of the court and are of the opinion that the issues were fairly presented to the jury. In such cases the verdict of the jury will not be disturbed by this court on appeal.

The judgment of the trial court is affirmed.

BRANSON, C. J., and PHELPS, LESTER, HUNT. CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See 4 C. J. p. 851, §2834: 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Suppl. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.