**ANDERSON et al. v. SCANLON.**

No. 22501.   Oct. 29, 1935.

received nothing for the signing of said note, and alleged further that said note was executed by the defendants to the said J. F. Scanlon for accommodation purposes only, and in order that he might use the note to borrow money thereon from some bank, and that having borrowed the same, and the makers thereof having failed and refused to pay said note, the said J. F. Scanlon himself paid said note and received the note back from the bank, and that said parties were restored to their original position. For that reason no liability existed as between the defendants and the plaintiff, J. F. Scanlon.

To this answer plaintiff, J. F. Scanlon, filed reply, which is in the form of a general denial.

On the issues joined, said cause proceeded to trial before a jury, and pursuant to verdict of the jury the court did, on the 16th day of December, 1930, enter its judgment in favor of the plaintiff, J. F. Scanlon, and against the defendants, H. O. Anderson and H. P. Santee, for the sum of $284.85, with interest at the rate of 6 per cent. per annum from February 25, 1928, until paid; the further sum of $50 as attorney's fees, and all costs of the action. Motion for new trial was duly filed by the defendants, which motion was, on the 3rd day of January, 1931, overruled by the trial court, and in open court defendants gave notice of appeal, filed supersedeas bond, and in due course perfected their appeal herein.

It appears from the record that the defendants having admitted the execution of the said note assumed the burden of proving the allegations contained in their answer and the evidence of the defendants as disclosed by the record followed the plea set forth in their answer.

By way of rebuttal, plaintiff joined issues and testified that said note was given by the defendants to the plaintiff, Scanlon, as full, final and complete settlement of certain partnership affairs which had existed between the plaintiff and the defendants, said note being evidence of the amount due plaintiff by the defendants as voluntary liquidation and settlement of the affairs of the partnership. From the evidence it appears that this was the only controverted question. Said cause was tried to a jury and the jury had an opportunity to hear and observe the witnesses who testified in the case.

Plaintiffs in error contend that this case should be reversed or modified under the following assignments of error:

A. E. Montgomery, for plaintiffs in error.

P. L. Long, for defendant in error.

PER CURIAM. This action was commenced in the common pleas court of Tulsa county by J. F. Scanlon, plaintiff, against the defendants, H. O. Anderson and H. P. Santee, for $284.85, with interest thereon at the rate of 6 per cent. per annum from February 25, 1928, until paid, together with the further sum of $50 as attorney's fees, evidenced by promissory note in the original sum of $400, upon which there had been paid the sum of $115.15.

Defendants filed their answer admitting the execution of said note sued upon, but alleging that said note was made without consideration to said defendants; that they

"(1) Said court erred in overruling the motion of plaintiffs in error for a new trial.

"(2) Said court erred in giving the following instruction to the jury, to wit: 'You are instructed that plaintiff has introduced in evidence the note sued upon, which is prima facie evidence of the indebtedness represented by said note, but in this connection you are further instructed that if you find from a preponderance of the evidence that the defendants executed the note without any consideration, it will be your duty to return a verdict for the defendants.'

"(3) Said court erred in giving the following instruction to the jury, to wit: 'You are further instructed that consideration is the inducement to a contract, or cause, motive, price or impelling influence which induces a contracting party to enter into a contract. In other words, any act of the plaintiff from which the defendants derived a benefit or advantage, or any money or labor or credit, however small, if such act is performed or inconvenience suffered by the plaintiff by the consent, express or implied, of the defendants. In this connection you are further instructed that if you find from the evidence in this case that the plaintiff and defendants herein entered into a partnership and that said partnership was later terminated and at the termination of said partnership there was a settlement of the affairs of the respective partners, and that the note in question was executed and delivered by the defendants to the plaintiff as a reimbursement for part or all of the losses that plaintiff had sustained, it will be your duty to return a verdict for the plaintiff, regardless of whether or not the amount of the note was equal to or greater than the losses suffered by the plaintiff in said business.'

"(4) Said court erred in giving the following instruction to the jury, to wit: 'You are instructed that the plaintiff brings this action upon a promissory note, and the defendants admit that they executed the note, but allege that they did so without consideration and that therefore plaintiff cannot recover. In this connection you are instructed that if you find from a fair preponderance of the evidence in this case that the defendants, H. O. Anderson and H. P. Santee, made and executed the note here sued upon for the sole purpose of permitting the plaintiff to borrow money from some third party on said note, and that no consideration passed between the plaintiff and the defendants for the giving of said note, it will be your duty to return a verdict for the defendants; on the other hand, you are instructed that if you find from the evidence in this case that plaintiff and the defendants entered into a partnership whereby they were to furnish equal amounts of money or its equivalent for the conducting of an automobile business and whereby they were to share the losses of said business equally, and if you further find that at the termination of said business that there was a settlement between the parties whereby the defendants made and executed the promissory note here sued upon to cover either all or part of the losses of said business, it will be your duty to return a verdict for the plaintiff for the sum of $284.85, with interest thereon at the rate of 6 per cent. per annum from February 25, 1928, until paid, together with the sum of $50 as attorney's fees and costs.'

"(5) Said court erred in failing, refusing, and neglecting to state the issues to the jury.

"(6) Said court erred in failing, refusing, and neglecting to instruct the jury upon the issues in the case.

"(7) Said court erred in overruling defendants' motion to make plaintiff's petition more definite and certain.

"(8) Said court erred in overruling defendants' demurrer to plaintiff's petition.

"(9) Said court erred in refusing to permit the defendant H. O. Anderson to answer the question, 'Did you receive anything for the signing of that note?' to which defendants excepted.

"(10) Said court erred in refusing to permit defendants to ask the plaintiff (R. 64) why it was that plaintiff took note to the bank at Sperry, to which defendants excepted, under issues formed in said case.

"(11) Said court erred in refusing to permit defendants to ask the plaintiff (R. 65) if plaintiff received any money on said note at the Sperry bank to which defendants excepted.

"(12) Said court erred in refusing to permit defendants to ask the plaintiff and in refusing to permit plaintiff to testify if defendants, Anderson or Santee, ever gave plaintiff anything for signing said note, to which defendants excepted.

"(13) Said court erred in refusing to instruct the jury to return a verdict for the defendants and against the plaintiff.

"(14) Said court erred in overruling the demurrer of the defendants to plaintiff's evidence.

"(15) Said court erred in rendering judgment in said case for the reason that said court does not exist by virtue of law for the reason that the statutes of Oklahoma, establishing the court of common pleas provide that in all counties having a city with population of more than 72,000 and

less than 90,000, as shown by the last preceding regular decennial federal census, there is created a court of common pleas and that the last preceding regular decennial federal census discloses that Tulsa county has more than 90,000 people, to which defendants excepted. That said court had no jurisdiction of said parties or of said subject-matter, and that said judgment is void.

"(16) Said court erred in overruling the special appearance and motion of defendants to quash the summons and purported service thereof."

We have reviewed the evidence in full in this case, and have found that the same reasonably supports the verdict, and following the case of Collinson v. Barton, 122 Okla. 194, 253 P. 481, syllabus 1, we repeat:

"In a civil action triable to a jury, where there is competent evidence reasonably tending to support the verdict of a jury, and no prejudicial errors of law are shown in the instructions of the court or its rulings on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal."

Under the general assignments of error plaintiffs in error herein presented assignments of error Nos. 1, 3, 4, 5, 6, 7, 8, 9, 13, and 14 under the general proposition:

"Verdict and judgment are not sustained by sufficient evidence, contrary to law, and the result of erroneous instructions to the jury."

We have reviewed the instructions of the court, and under the evidence as submitted cannot find any prejudicial errors of law therein. The issues were definitely defined in this case, plaintiff testifying that the note was given in full settlement of partnership accounts, the defendants stating that said note was given to the plaintiff, Scanlon, for the purpose of borrowing money thereon, and denying any consideration therefor.

The jury decided that the note was given in settlement of partnership affairs, and, applying the instructions to the law set forth in the case of Williams v. Casparis Bros., 113 Okla. 51, 238 P. 438, we do not find any prejudicial errors in the law as given to the jury.

Quoting from the last above-mentioned case, we state as follows (syllabus 2):

"When the relation between the parties had its origin in, and their relation in all respects is governed by, one contract, and all transactions between the parties contemplated by the contract were at an end except a settlement, the giving and receiving of evidence of indebtedness in full settlement by and between the parties settles all obligations arising out of the contractual relation, and is conclusive between the parties until impeached for fraud, mistake, the omission of something, accident, or undue advantage taken."

Until fraud, mistake, omission, accident or undue advantage is injected in a case of this character, the court could not give any instructions other than those he did give.

Quoting again from the last above-mentioned case (syllabus 1):

"An account stated is an agreement, expressed or implied, between the parties who have had previous transactions with each other, fixing and determining the amount due from one to the other on account, and when such agreement is made, such 'account stated' becomes a new obligation, and takes the place of the one upon the prior account."

Thus, assignments of error Nos. 1, 2, 3, 4, 5, and 6 are eliminated and assignments of error Nos. 7 and 8 are without foundation, under the general rule of law that a petition is not demurrable where in a suit upon a promissory note the execution thereof, default in payment, and the amount were duly alleged, where the plaintiff was the payee of the note. Western & Southern Fire Ins. Co. v. Murphey, 56 Okla. 702, 156 P. 885.

Assignment of error No. 9 is without foundation, as the evidence discloses contrary facts as to that set forth in the assignment.

Assignments of error Nos. 10 and 11 are without foundation by reason of the fact that this was a negotiable instrument and payee could do with the same as he saw fit, and it was of no concern to the defendants unless someone other than the payee had filed suit thereon, and the exclusion of the testimony by the court did not in any measure prejudice the defendants' case.

Assignment of error No. 12 is without foundation because of the fact that the evidence discloses facts contrary to the allegations in the assignment of error.

Assignments of error Nos. 13 and 14 are without foundation by reason of the fact that there is adequate evidence on both sides in this case to carry the same to the jury.

Assignment of error No. 15 sets forth that the common pleas court of Tulsa county had no jurisdiction over the parties or the

subject-matter by reason of the fact that the law establishing the court of common pleas of Tulsa county was void. This assignment of error can be disposed of by quoting from the case of Simpson v. Butts, 99 Okla. 168, 226 P. 332, (syllabus 1):

"The act of the Legislature of the 1923 regular session (chap. 51, Sess. Laws 1923) creating a common pleas court in the city of Tulsa and other like cities, is not in contravention of sec. 59, art. 5, Constitution of Oklahoma (Williams'), except as to section 2 of the act" (pertaining to justice courts).

Therefore, a long time prior to the filing of this suit the legality of the existence of the common pleas court in Tulsa county had been passed upon by this court, and this assignment of error is without merit.

Assignment of error No. 16 is without foundation by reason of the fact that the defendants entered their appearance in said cause by filing answer.

Defendant in error, plaintiff below, at the close of his brief, moves that the within appeal be dismissed for the reason that defendants below, plaintiffs in error here, did not give notice in open court at the rendition of the judgment or within ten days thereafter of their intention to appeal to the Supreme Court. The record discloses that judgment was rendered on the 16th day of December, 1930. Motion for new trial was overruled on January 3, 1931. No notice of intention to appeal was given on the date judgment was rendered, but was given on the date motion for new trial was overruled. The motion of the defendant in error should therefore be overruled, and this case should stand on its merits, under the authority of Cameron v. Cameron, 90 Okla. 293, 217 P. 1033 (syllabus 1):

"Where a motion for a new trial is necessary and proper in order to review alleged errors of the trial court, the notice of appeal required in section 782, Comp. Stats. 1921, shall be given within ten days after the order overruling motion for such trial, and it is not necessary to give such notice within ten days from the date of rendition of judgment."

For the reasons herein stated, judgment of the common pleas court of Tulsa in the within cause is hereby affirmed, and judgment is herein rendered also against O. G. Pratt and R. M. Dent, sureties upon the supersedeas bond filed in the lower court for like sum, as provided by law.

The Supreme Court acknowledges the aid of Attorneys Lowrey H. Harrell and Denver N. Davison in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Harrell and approved by Mr. Davison, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.