## SWEENEY et al. v. HOME BLDG. & LOAN ASS'N et al.

No. 24821. March 24, 1936.

Rehearing Denied April 21, 1936.

Norman Barker, for plaintiffs in error.

Albert H. Bell, for defendants in error.

PER CURIAM. A motion to dismiss this appeal has been filed by the defendant in error on the ground that the case-made and brief of plaintiffs in error were not served on G. F. Miller, one of the defendants named in the petition. The record shows that said Miller held a judgment against the plaintiffs in error constituting a lien on their property, but same was subsequent and subject to the lien of plaintiff's mortgage. Miller filed no pleadings, but did appear at the trial, and an oral stipulation, taken down by the court reporter and agreed to by all parties, recited his judgment and stated that it was subordinate to the lien of the plaintiff's mortgage. The final judgment also provides for the payment of the Miller debt if anything is left over from the sale of the property after paying the debt, cost, etc., of the plaintiff. No appeal was taken from that part of the final decree.

We do not think that Mr. Miller is a necessary party to this appeal. No change or modification of his judgment is sought, nor his rights to be affected in any way. Section 531, O. S. 1931, provides that it is not necessary to make one a party who did not appear or file any pleadings or did not participate in the proceedings. In Cameron v. Cameron, 90 Okla. 293, 217 P. 1033, a defendant appeared at the trial, but filed

no pleadings and did not participate, and it is held that he was not a necessary party in the appeal. In the case before us Mr. Miller did appear and entered into an oral stipulation agreeable to all the other parties. His rights were thereafter fully protected by the final judgment, and no one is now seeking to change the same in any respect. We think these facts bring this case under the spirit of the statute cited, supra, if not its exact words. There is no reason for his being a party here. And when the reason for a thing fails, the rule fails with it. We think the motion for dismissal on this ground should be denied.

The other ground of the motion to dismiss the appeal, because the same is alleged to be frivolous, need not be passed on in view of the conclusions we have reached on the general merits of the appeal.

This is an appeal from a judgment in a foreclosure proceeding. The parties will be referred to as they appeared in the trial court. The plaintiff is a building and loan association. Its petition alleges that on the 18th day of September, 1930, it loaned to the defendants the sum of $10,250, taking a note therefor bearing interest at the rate of 8 per cent. per annum payable monthly, and also a mortgage on the real estate described in the petition to secure payment of said note; and also, as a part of the same transaction, sold to the defendants 102½ shares of its stock on which the defendants agreed to pay to plaintiff installments of $62.52 per month for 120 months, and for interest on said loan they agreed to pay the sum of $68.37 per month, both of said payments to be made on the 15th day of each calendar month, and if said loan was not matured, or said stock fully paid for, at the end of 120 months, such interest payments were to continue until said stock was paid for, or matured. Also there are provisions in the mortgage providing for an option on the part of the plaintiff to declare the indebtedness due, on failure of defendants to make their promised payments, after a default therein of three months. Such defaults are alleged in the petition and at the time the action was filed, June 29, 1932, it is alleged by the plaintiff that the defendants owed them on said note the sum of $11,330.28, with interest at 8 per cent. per annum from the 15th day of June, 1932. Also plaintiff claims an attorney fee of $1,000 pursuant to a provision in the mortgage agreeing to pay 10 per cent. of the amount due in case of foreclosure, for attorney's fees.

The defendants Sweeney answered by a verified general denial, but qualify their denial by admitting and claiming that the note sued on was given by them in renewal of three former notes held against them by the plaintiff and for the balance supposed to be owed by them at the date of the note sued on. Also they allege that the note sued on was not due. But their real defense is that of usury in their claim that the three notes merged in the note sued upon had not been credited with all the payments made by them, or to which they were entitled by dividends not credited, and that they had wrongfully been charged with commissions and other exactions for which they were not liable, and all of which charges, exactions, and the payments actually made by them exceeded 10 per cent. per annum on the money they had borrowed from the plaintiff, and for the usurious parts of such payments, exactions, false charges, etc., they were entitled to recover twice the amount they had so paid as usury. Their answer is extremely indefinite and nowhere states exact amounts so paid or taken from them, but avers that they do not know the figures thereon, but all such facts are contained in the records of the plaintiff and that they will have to rely on said records to prove their contention of usurious charges. The defendants did not charge the plaintiff with any fraud in their dealings with defendants, but simply claimed that they were improperly charged for commission and fees that plaintiff was not entitled to and that they had not received dividend credits that defendants were entitled to.

The plaintiff's note and mortgage were introduced in evidence and their execution and delivery were admitted by defendants. The court then declared that the burden of proving their defense thereafter rested on the defendants. Over objections of the plaintiff the court permitted defendants to go behind the settlement made between the plaintiff and defendants when the note sued on was given and to show all the transactions involved in the three prior loans in which the defendants claimed that their usurious payments had been made. The defendants did not testify as witnesses, but relied wholly on the testimony of the secretary of the plaintiff association to prove their contentions from the records kept by him. The court permitted them to inquire very fully into these records and their former loan transactions. And while the testimony is not very plain and clear in the record, it does not disclose any evidence of a

charge of usurious interest nor any evidence that defendants were entitled to any credit that they had not duly received, except as to a matter we will hereinafter mention.

At the conclusion of the testimony the court sustained the demurrer of the plaintiff to defendants' evidence, took the case from the jury, and rendered a judgment for the plaintiff for the amount sued for, with interest at 8 per cent. per annum, as prayed for in the petition, and for an attorney's fee of $500, ordered a foreclosure of the mortgage and a sale of the mortgaged property, and also provided for the rights of the defendant Miller as agreed to in the stipulations of all parties.

The matter of a credit above mentioned as possibly due the defendants is disclosed by the record on pages 50, 51, 52, and 53 of the case-made. It is stated by Mr. McConahay, secretary of the plaintiff, but called as a witness by the defendants, that at the time the note for $10,250 sued upon was given the defendants owed the plaintiff as a balance on their three former notes the sum of $9,341.81. He was then asked what went into the new note to make up its face amount. He answered that $15 of it was for an attorney's fee for the examination of three abstracts, $631 was for ad valorem taxes, and $169.37 was for paving taxes. All of those last given figures added together only make $10,157.18. That is $92.82 less than $10,250 put into the principal of the new note.

In their assignments of error the appellants complain because the court took the case from the jury; they say that the note and mortgage were not introduced in evidence; that the court erred in placing the burden of proof on them; that the court erred in assessing the amount of the recovery; and erred in sustaining the demurrer to their evidence. Other assignments are but repetitions of the ones mentioned.

We do not think the court erred in taking the case from the jury when he found as a matter of fact that the evidence given on behalf of the defendants did not sustain their contentions. We have read the testimony very carefully and are unable to find anything in it sustaining the charge of usurious interest, either on the first three loans or on the debt sued for. This conclusion answers the assignment that the judgment of the court is not sustained by sufficient evidence; and also the assignment that the court erred in sustaining the demurrer to the evidence of the defendants.

We find from the record that the note and mortgage were introduced in evidence during the trial and also that their execution by the defendants was admitted by statement of their attorney during the trial.

This leaves for determination only the law question arising upon our discovery of the discrepancy of $92.82 between the amount shown to have been due from defendants to the plaintiff on their three old notes and other proper charges against them, and the $10,250 placed in the new note. They have made no complaint about that matter. Doubtless their attorney or the trial court did not notice it. And it is probable that the plaintiff's attorney also did not notice it. But there the figures given stand in the record and unexplained show an error of fact against the defendants to the amount of more than a hundred dollars now, for if the defendants are entitled to a credit for the sum mistakenly placed in the new note, they should now have credit on the judgment against them for the sum of $92.82 with interest thereon from September 18, 1930, date of the note, to the present time at the rate of 8 per cent. per annum.

We note the decisions cited in the brief of counsel for plaintiff that a litigant cannot complain in this court that the verdict or judgment is not sustained by sufficient evidence unless he shall have demurred to the testimony against him in the trial court, or have made a motion there for judgment in his favor, both being the same thing in legal effect; and they say the defendants made no such demurrer or motion. They did assert it in their motion for a new trial. The brief of plaintiff cites the case of Pittsburg County Ry. Co. v. Hasty, 106 Okla. 65, 233 P. 218, as supporting the proposition of law asserted. Also Oklahoma cases on same point are cited. Among them is that of Muskogee Electric Traction Co. v. Reed, 35 Okla. 234, 130 P. 157, opinion written by Justice Williams. In speaking of the purpose of a motion for a new trial he remarks that "when no exceptions are saved during the trial such motion presents nothing relative thereto for review in the appellate court; it being addressed merely to the discretion of the trial court." This doctrine requiring a party who feels that the testimony offered is not sufficient to justify a verdict against him to demur to the evidence before he can avail himself of the ground of insufficient evidence to support the evidence in his motion for a new trial, is not based on any statute, but has simply grown up in court

procedure on the theory that if one thinks the testimony against him is not sufficient to warrant a verdict, he must object to the submission of the evidence to the jury. Certainly there is no objection to such a course, but no statute requires it. On the other hand, we have the plain provision of the statute that one of the grounds for a new trial is that "the verdict is not sustained by sufficient evidence." An exception to the order of the trial court overruling that ground of the motion for a new trial ought, at least, be sufficient to authorize this court to exercise the same discretion that Justice Williams says that trial courts have.

But, aside from the question of law just discussed, we have other authority for this court to consider and allow the credit suggested. In the case of International Harvester Co. v. Cameron, 25 Okla. 256, 105 P. 189, opinion also written by Justice Williams, we find this expression:

"It has been repeatedly held by this court that, where errors are apparent upon the judgment roll or record of a cause, the same will be considered here, although no exceptions were taken thereto in the trial court. [Many other cases are cited.]"

We think that the proper administration of justice between the litigating parties is infinitely more important than adherence to technical rules that are not absolutely binding.

The Supreme Court acknowledges the aid of Attorneys O. W. Patchell and J. D. Cofield in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Patchell and approved by Mr. Cofield, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.