HOME FINANCE CORPORATION, a
Corporation, Plaintiff in Error,

v.

J. B. PONDER, Intervenor in Error,
Rosa Wesley, et al., Defendants
in Error.

No. 38578.

Supreme Court of Oklahoma.

Nov. 22, 1960.

John W. Mee and Milton R. Moon, Oklahoma City, for plaintiff in error.

Clark Legate, Ardmore, for defendant in error.

WELCH, Justice.

The real estate mortgage on which this action was commenced was executed by Rosa Wesley and Leon E. Wesley. It appears that Leon E. Wesley had died so the persons named as defendants were Rosa Wesley and the heirs of Leon E. Wesley.

Pursuant to a judgment on the note and for foreclosure of mortgage and the order of sale, sale was had of the real estate, and the proceeds of the sale were ordered paid (1) to costs, (2) to plaintiff's judgment with interest and attorney's fees, and (3) to hold the residue. After proper motion to confirm sale, the trial court entered an order confirming said sale, said order being dated January 6, 1958.

Forthwith a sheriff's deed was issued and delivered to Ruby Nell Jones, the purchaser of the real estate at the sheriff's sale, and she was placed in possession of the property.

The sheriff returned the sum of $1,061.20 (purchase price) to the court clerk to be applied against the plaintiff's judgment, attorney's fee and costs. The judgment was for $859.46 with interest at 6% per annum from December 15, 1955, and $92 attorney's fees, and all costs of the said action.

Before said sums had been paid out by the court clerk to plaintiff, and on February 26, 1958, defendant in error Ponder, filed a motion to intervene and to withhold payment of sums paid into court clerk, and the trial court ex parte, on the same date issued an order making Ponder a party to the action and directing the court clerk to withhold disbursement of funds.

Thereafter, on May 20, 1958, the said intervenor Ponder filed a petition in said case, alleging in part and so far as is material here that on the 1st day of July, 1949, a note was executed by Rosa Wesley and Leon E. Wesley for the sum of $350 payable to Ponder on demand with interest thereon at 6% per annum, and also on the same date executed a mortgage to secure payment of the note, covering the same property involved in said cause; that same was a prior lien to that of plaintiff, Home Finance Corporation, and that his mortgage should be declared a first lien on said property.

The mortgage exhibit attached to intervenor's petition shows that the note and mortgage were executed December 31, 1948, and that the note was due and payable on July 1, 1949, and that the attorney's fee for foreclosure should be $100.

In that petition Ponder sought judgment *against the defendants* for $350, with 6% interest from July 1st, 1949, and $200 attorney's fee, and for foreclosure and sale of the real estate.

On the same date May 20, 1958, an answer was filed by defendants, Rosa Wesley and Leon E. Wesley, Jr. in their individual capacity and as the sole heirs of Leon E. Wesley, deceased, wherein, among other things, they admitted the allegations of intervenor's petition as being true, and agreed in effect that judgment might be rendered in favor of Ponder, conditioned that no personal judgment should be entered against them which condition Ponder agreed to, and noted such agreement on the answer of the Wesleys.

On May 22, 1958, without praecipe therefor, a summons was issued by the court clerk for service upon plaintiff. The summons advised the plaintiff, Home Finance Corporation, that it had been sued by J. B. Ponder, intervenor, in a suit brought for money judgment, foreclosure of mortgage and priority of lien.

Home Finance Corporation, on June 19, 1958, filed an objection to J. B. Ponder being made a party to said action, a motion to make more definite and certain and a demurrer to the jurisdiction of the court, and demurrer to petition for failure to state a cause of action. After hearing oral argument the trial court took plaintiff's motions and demurrer under advisement.

Thereafter on October 20, 1958, the trial court entered an order overruling Home Finance Corporation's motion and demurrer. On the same day the court apparently heard the petition of Ponder, intervenor, as against the defendants Wesleys, and rendered judgment thereon. The journal entry of judgment recites the appearance of Ponder, and that the Wesleys had entered their general appearance and filed answer. There was no recitation as to appearance by plaintiff, or notice to plaintiff. Quite apparently without evidence, but based upon defendant's answer, the court found that Ponder was entitled to judgment "as prayed for in his petition *over and against the defendants.*" As shown by the journal entry the court then adjudged Ponder's mortgage to be valid and a prior lien on the real estate and superior to the claim of Home Finance Corporation, the plaintiff. The court then rendered judgment in favor of Ponder *against the defendants Wesleys* for $350 with interest from July 1, 1949, at

6% per annum, and for attorney's fees of $200. The court then found that such judgment should be satisfied out of the funds in the hands of the court clerk, and the judgment further ordered and directed the court clerk to so satisfy said judgment, or to so use the funds in his hands as far as they would go towards the satisfaction of such judgment. On the same day the clerk paid to Ponder an amount not exactly disclosed by the record, but perhaps some $700 to $1,000 out of the money held by the clerk as purchase money in the sheriff's sale referred to earlier in this opinion.

This was all done in the absence of and without notice to or knowledge of plaintiff, Home Finance Corporation, or its attorneys, and without prior setting on any docket.

By October 30, 1958, the plaintiff learned of these acts of the trial judge and filed its motion for new trial and motion to vacate judgment. They were presented to the trial court on November 20, 1958, at which time both were overruled and plaintiff excepted to said ruling and gave notice of appeal.

Defendants in error contend that this appeal should be dismissed for the reason notice of appeal was not filed within the time prescribed by statute, that is, within ten days from October 20th.

■ It is obvious from the record that plaintiff, Home Finance Corporation, has suffered a grave injustice, due to the irregular procedure followed by the trial judge. The judgment rendered on October 20, 1958, was in the nature of a default judgment against plaintiff, therefore we are of the opinion that the motion to vacate and motion for new trial were necessary motions in order for plaintiff to properly present the errors complained of, therefore the ten days period in which to give notice of appeal did not begin to run until the ruling by the trial court on these motions, and notice of appeal was given within this period. Cameron v. Cameron, 90 Okl. 293, 217 P. 1033, and Anderson v. Scanlon, 174 Okl. 419, 50 P.2d 615.

■ We have many times held that it is the policy of the law to have every litigated case tried on its merits and default judgments are viewed with disfavor. Cox v. Williams, Okl., 275 P.2d 248, and Boehs v. Manning, Okl., 308 P.2d 288.

■■ The record reveals that the only relief prayed for in petition of intervenor Ponder was judgment against *defendants* and for foreclosure of his mortgage by sale of the property. No mention is made of the plaintiff, Home Finance Corporation, or the funds held by the court clerk to plaintiff's account. Therefore there was no cause of action stated as against plaintiff. And although a demurrer to said petition was erroneously overruled by the trial court, the default judgment should not be allowed to stand, since it is outside the issues in the case and upon a matter not submitted to the court for its determination, nor based upon any rights or liabilities alleged to exist between intervenor and plaintiff, and it should be treated as a nullity. The motion to vacate should have been sustained. Standard Savings & Loan Association v. Anthony Wholesale Grocery Co., 62 Okl. 242, 162 P. 451, L.R.A.1917D, 1029; International Harvester Co. of America v. Cameron, 25 Okl. 256, 105 P. 189, and Tilley v. Allied Materials Corp., 208 Okl. 433, 256 P.2d 1110.

It is obvious that the trial court committed error in overruling motion to vacate, and such order merits reversal with directions to vacate same and to accomplish compliance with the original foreclosure judgment.

■ However, the vacating of the judgment of October 20th may not be sufficient to determine this matter since it is uncertain from the record whether Ponder has returned to the court clerk the money wrongfully paid him on October 20, or whether he still retains the same.

If such money has been returned to the court clerk then the same should be disbursed according to the original foreclosure judgment.

If the intervenor Ponder has not returned such money to the court clerk then he should be forthwith ordered to so return same, with interest, and the court by enforcement of such order or by general execution should accomplish the return of such money to the court clerk, and then the total sum in the hands of the court clerk should be disbursed according to the original mortgage foreclosure judgment.

For the reasons stated, the judgment of the trial court entered on October 20, 1958, is vacated and the cause is remanded with instructions to the trial court to dismiss intervenor's petition, as to plaintiff Home Finance Corporation, and to proceed further to distribution of the proceeds of the foreclosure sale as herein set out.

Reversed and remanded with directions.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, BLACKBIRD, JACKSON and IRWIN, JJ., concur.

BERRY, J., concurs in part and dissents in part.